SCOTT
v.
MORTSINGER.

## SCOTT v. MORTSINGER.

Case by *A.* against *B.* Counts in malicious prosecution for perjury, and in slander for words charging the same crime. Plea, that *A.* had committed the perjury alleged. *Held*, that *B.* might prove, on the trial, that *A.* had given advice as to the best mode of commencing the suit against *B.*, in support of which *A.* was said to have afterwards committed perjury; and might also prove that *A.* had received information, before he gave his evidence, tending to show the want of any foundation for the suit against *B.*

*Held*, also, that the defendant, under the plea in this case, might show that there was a probable cause for his prosecution against the plaintiff.

If a witness, with an intention to deceive the jury, swear so as to make an impression on their minds that a fact material in the cause is different from what it really is, and from what he knows it to be, he is guilty of perjury.

If, after the examination of a witness is closed, his re-examination be asked for and refused, this Court will presume such refusal to be correct, unless the record show that there was a good cause for the re-examination.

The plaintiff, in the above-mentioned cause, in order to show malice in the defendant, had a right to prove that the slanderous words, charged in the declaration, had been spoken after, as well as before, the commencement of the suit.

*Wednesday,*
*November 9.*

ERROR to the *Washington* Circuit Court.

M'KINNEY, J.—Trespass on the case. The declaration contains four counts: two charging a malicious prosecution, and two in slander. The counts for a malicious prosecution, are founded upon the plaintiff's arrest and acquittal on a charge of perjury, said to have been committed on the trial of a cause before a justice of the peace, in which *Jacob Laughehour* was plaintiff, and the defendant, *John Humphrey*, *Albert Lamb*, and *John Trowbridge* were defendants; those in slander, on a charge of perjury. A special plea of justification was filed to the whole declaration, and a verdict and judgment were rendered for the defendant. A motion for a new trial was overruled, and two several bills of exceptions were taken to the opinion of the Court.

The plaintiff in error assigns several reasons for reversing the judgment.

1. "The Court erred in permitting, for the purpose of proving malice in the plaintiff towards the defendant, several witnesses to state that the plaintiff had advised *Laughehour* to sue the defendant, *Lamb, Humphrey*, and *Trowbridge*, all in one suit for the purpose of preventing one being a witness for the other." The plaintiff contends that this was *dehors*

the issue and inadmissible. The plea charged the plaintiff with perjury. Collateral facts are admissible to prove intention, malice, or guilty knowledge. Where the intention does not appear from the transaction itself, it must be inferred from other facts and circumstances. Evidence of the mind and intention is afforded by the general conduct. 2 Stark. on Ev. 378, 382. Corrupt intention is one of the constituents of the crime of perjury. In the admission of this evidence, it does not appear that the Court erred.

2. "The Court permitted *Humphrey*, who was one of the defendants in the suit before the justice of the peace, to prove that he and the defendant, *Mortsinger*, told the plaintiff when he came to look at the tree, and the situation of the heifer under it, that the heifer was not there when the tree was felled." The action before the justice of the peace was brought to recover damages for the value of a heifer, charged to have been killed by the defendants. Upon an indictment against the plaintiff for the offence charged in the plea, *Humphrey* would be a competent witness. To sustain such indictment, it would be necessary to establish the corrupt intention. Circumstances showing it would be admissible. We think the evidence was for the jury.

3. It is assigned for error, that the Court refused to instruct the jury, "that the question of probable cause, that is, whether *Mortsinger*, the defendant, had any probable cause to prosecute *Scott*, the plaintiff, for perjury, does not arise in the present case, and the jury have nothing to do with it, inasmuch as the defendant had pleaded justification to the whole declaration." The plaintiff has relied, with much confidence, upon the refusal of the Court to give this instruction. We will examine the principle for which he contends. Malice, and the want of probable cause, must both be established in an action for malicious prosecution. *White* v. *Dingley*, 4 Mass. Rep. 433. *Lindsay* v. *Larned*, 17 ib. 190. This is said to result, as well from public convenience as from policy. Offenders would not be prosecuted, if acquittal was attended with danger. A well-founded suspicion of guilt in the prosecution of an offender, is a protection against damages. A prosecutor is protected by the law, however malicious his private motives may have been, provided he had probable cause. 2 Stark. on Ev. 910. Un-

Nov. Term, 1831.

Scott
v.
Mortsinger.

der the general issue, a defendant may justify the proceedings had against the plaintiff, and show that he had probable cause. 2 Phillips on Ev. 115. When he meets the case by a special plea of justification, affirming the plaintiff to be guilty of the crime for which he was prosecuted, the burthen of proof devolves upon him. A failure, however, to sustain the plea, and the want of probable cause, present separate and distinct questions. The first relates to the pending action, and the latter to the grounds of the prosecution. As the defendant, under the general issue, could justify the proceedings and show that he had probable cause, it would seem that it could also be done under a special plea. The position the plaintiff has assumed is certainly too broad. The jury to whom such a case is submitted, in giving it consideration, must have their attention fixed upon the character of the charge. If, upon such consideration, it should appear there was probable cause, it would be their duty to find for the defendant. We think the case of *Sterling* v. *Adams* and others, 5 Day, 411, sustains the Court below, in refusing to give the instructions.

The 4th error is directed to the following instructions given to the jury. 1. "That if the jury believe that the plaintiff swore on the trial set out in the plea, so as to make an impression on the jury different from what the facts in the case really were, and he knew them to exist differently from what he represented them to the jury, and intentionally intended to deceive the jury in giving his testimony in the matter set out in the plea of the defendant, he is guilty of perjury. 2. That if the plaintiff kept back any thing which was known to him in the matter set forth in the plea, and swore so as to make a different impression from what the facts, as known to him, would have made if disclosed, and he did so, or swore in the manner above knowingly, it is perjury." These instructions, taken together, amount to the proposition, that if the plaintiff, on the trial before the justice of the peace, swore falsely in fact and corruptly and wickedly against his better knowledge, he was guilty of perjury. The instructions, although not concise, constitute the definition of the crime. The Court does not appear to have applied any part of the testimony to the specific charge in the plea. If testimony had been introduced inapplicable to the issue, its exclusion would not have been in conflict with the instructions thus given.

Nov. Term,
1831.

Error is also said to have intervened, by the Court's refusal to permit a witness to be called back for re-examination who had retired. The record does not show the points on which it was wished that the witness should be re-examined. We are therefore unable to say, whether the testimony was material or not. In the absence of the ground upon which it acted, we presume that the Circuit Court acted agreeably to a sound and correct view of the case. There must be some limitation to the examination of a witness. After the examination and the dismissal of a witness, occasions may occur which would justify a re-examination. The case of *Curren* v. *Connery*, reported in 5 Binney, 488, presents such an one. The record, in that case, disclosed the point to which the re-examination was directed. It was material to the issue.

The last error assigned, is the rejection of evidence that the defendant, both before and since the institution of the action, had spoken of the plaintiff the same slanderous words laid in the declaration. It is settled, that to show the malicious motive of the defendant, a plaintiff may give in evidence words that are actionable, though not specified in the declaration, and although they were spoken subsequently to the words declared upon. 2 Stark. on Ev. 869. The plaintiff wished to prove the speaking of the words declared upon, both before and after the institution of the suit. We think this should have been permitted. Under the general issue, this testimony would have been legal. It is not excluded by the special plea. For this error the judgment must be reversed.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Farnham*, for the plaintiff.
*Howk*, for the defendant.