LEAK *v.* STATE.

Opinion delivered February 1, 1896.

61  599
d77  458

PERJURY—MATERIALITY OF TESTIMONY.—If, in a prosecution, there is no evidence upon which a conviction may be based, a charge of perjury cannot be sustained by proof that a witness therein falsely

denied having testified to certain facts before the grand jury, when questioned for the purpose of impeaching his testimony, such denial being immaterial.

Appeal from Howard Circuit Court.

WILLIAM P. FEAZELL, Judge.

STATEMENT BY THE COURT.

Appellant was tried and convicted, in the Howard circuit court, of the crime of perjury, on the following indictment to-wit (omitting the formal parts): "The grand jury of Howard county, in the name and by the authority of the state of Arkansas, accuse Jake Leak of the crime of perjury, committed as follows, to-wit: The said Jake Leak, in the county and state aforesaid, on the 9th day of August, A. D. 1895, in the county and state aforesaid, in the circuit court of said county, then in session, there was pending a certain criminal judicial proceeding, wherein the state of Arkansas was plaintiff and one Dave Henry was defendant, wherein the said Dave Henry was duly and legally charged by indictment with having sold liquor within ten miles of Central College, Howard county, Arkansas, and of which said judicial proceedings the said court then and there held jurisdiction, and wherein issue was then and there duly joined between the said state of Arkansas and the said Dave Henry, before the said court duly organized to try said issue. And Jake Leak did then and there personally appear before said court, and then and there take his corporal oath, and was duly sworn as a witness in said cause, said oath being then and there duly administered to him by John M. Somervell, the clerk of said court, who was then and there authorized by law to administer the same, whereupon it then and there became and was material, before said court, in the trial of said judicial proceeding, whether the said Jake Leak did, within and during the month of June, 1895, buy liquors from the said Dave Henry, as alleged in the indictment;

ARK.] LEAK *v.* STATE. 601

and the said Jake Leak did then and there, before said court, upon the trial of said cause, under the sanction of said oath, administered to him aforesaid, wilfully and unlawfully, corruptly and feloniously, state and testify that he did not know whether he *bought whisky* from Dave Henry during the month of June, 1895, or not ; that he did not know that the man he bought the whisky from was Dave Henry ; that he bought whisky from a man who said his name was Henry, and when defendant was pointed out to him, and he was asked if that was the man he bought the whisky of, said he could not say that he was ; said it might be, and it might not be ; said that he did not tell the grand jury that he bought whisky of and from Dave Henry during the month of June, 1895, near Nashville, Howard county, Arkansas; said he told the grand jury that he did not know Dave Henry; said that the grand jury told him that it was Dave Henry; said that he did not know the defendant, then and there upon trial, was Dave Henry,—and which statement was material to the issue in said cause; whereas, in truth and fact, the said witness, Jake Leak, did know that the man he bought whisky of was Dave Henry, and he did tell the grand jury that he bought whisky of Dave Henry, in the month of June, 1895, near Nashville, Howard county, Arkansas, which statement, so made by said Jake Leak, as aforesaid, was feloniously, wilfully and corruptly false when he made it, against the peace and dignity of the state of Arkansas."

There was no demurrer to this indictment, and the case was tried on the testimony and the instructions of the court, and defendant found guilty ; and he has appealed to this court.

*Jas. D. Shaver,* for appellant.

1. The indictment charges no offense. It fails to

allege that the liquor sold by Dave Henry was one of the kind mentioned in the act. Bish. St. Cr. p. 1038. The allegation that Dave Henry was charged with the sale of *liquor*, without alleging that it was one of the kinds prohibited by the act, charges no crime. 34 Ark. 340 ; 39 *id.* 216 ; 32 *id.* 185 ; 45 *id.* 349. If the indictment charged Dave Henry with no crime, then nothing that appellant swore to was material. 45 Ark. 336; 2 Bish. Cr. Law, sec. 1020 ; 78 Ala. 433.

2. The allegation that Dave Henry sold liquor *during the month of June*, 1895, is too indefinite and uncertain. 59 Ark. 113. The indictment must show on its face that the alleged false statement was material to the issue. 53 Ark. 398; 2 Bish. Cr. Pr. 918 ; 18 A. & E. Enc. Law, p. 317. What appellant told the grand jury is immaterial.

3. The verdict is not sustained by the evidence. The state failed to prove that Dave Henry was ever indicted for the sale of liquor. Such allegation is *material*, and must be proved. No presumption of facts is indulged. 59 Ark. 113 ; 2 Bish. Cr. Pr. 933, 910, 911 ; 18 A. & E. Enc. Law, 329. Such facts must be proved by the record. A variance is fatal. 1 Bish. Cr. Pr. 401 ; Wharton, Cr. Law, p. 134.

4. Instruction number one was erroneous. 53 Ark. 398 ; 2 Bish. Cr. Pro. sec. 935 ; Rice, Cr. Ev. 795 ; Roscoe, Cr. Ev. 758. It *assumes* the materiality of the alleged false testimony, and the jury were told that, if they believed *either* or all the statements were false, they should convict.

5. By refusing defendant's instructions, the court eliminated all questions affecting the materiality of the alleged false testimony. 53 Ark. 398.

6. The third instruction for defendant should have been given. The state should have proved on which of the two occasions defendant swore falsely, by evidence

other than the contradictory statements of defendant. 2 Bish, Cr. Law, 1044; 2 Bish. Cr. Pr. 931; Rice, Cr. Ev. 795-6; 21 Am. Rep. 365; 1 Gr. Ev. 259; 74 Ala. 34; 2 Wharton, Cr. Law, p. 1317.

7. The state could not discredit its own witness. 1 Gr. Ev. 442, 444.

*E. B. Kinsworthy*, Attorney General, for appellee.

1. The indictment states that Dave Henry was *duly* and *legally* indicted. It also states that the evidence was *material*, and this is sufficient. 2 Bish. Cr. Pro. sec. 921.

2. The averment of competent authority to administer the oath is sufficient to show jurisdiction. 107 N. C. 876; 135 Ill. 416; 11 Ohio, 400; 66 Iowa, 97; 7 S. W. 40. Under our statute the indictment is good. Sand. & H. Dig. secs. 2075-6.

3. The testimony need not be material to the principal issue in the proceeding, but is sufficient if it is material to any collateral inquiry in the course of the proceeding. Clark's Cr. Law, p. 334; 16 Iowa, 36; 2 Bish. Cr. Law, sec. 1031; 53 Ark. 395.

4. Appellant cannot single out *one* instruction, and complain that it is error. *All* the instructions on the same subject matter are to be taken together as a whole. 48 Ark. 396. The court gave the law correctly, and it is not error to refuse additional instructions presenting the same ideas in different language. 53 Ark. 117; 46 *id*. 141; 52 *id*. 180.

5. On indictment for perjury, it is competent to show what was said and done before the grand jury. 1 Bish. Cr. Pr. secs. 857-8; 1 Gr. Ev. sec. 252, note 5.

BUNN, C. J., (after stating the facts). The court gave two instructions at the instance of the state, the first of which was objected to by the defendant. The defendant asked five instructions, the first and fourth

of which were given, the third and fifth were refused, and the second was modified, and the defendant saved exceptions to the court's refusal of the two and the modification of the other. In our view of the case, however, the first instruction given by the court at the request of the state, and over the objections of defendant, raises all the issues of law involved in this discussion; and, as this is properly based on the evidence, it is only necessary to discuss the evidence to determine its legal sufficiency to authorize the conviction of defendant. The defendant, Jake Leak, swore, in the trial of Dave Henry, that he did not know him, or that he was not certain that he knew him. There was no other evidence of the identity of Dave Henry with the crime charged against him, and none for any other purpose against him. The prosecution necessarily failed for want of proof. As defendant, Jake Leak, had testified before the grand jury that found the indictment against Dave Henry, and upon his testimony that indictment was found, he was indicted for perjury in this: that on the trial of Dave Henry he (the said Jake Leak) swore that he did not know Dave Henry, as aforesaid, and that he did not know the person then present as defendant to be Dave Henry, and did not know he was the person that had sold him the whisky, as charged; and, furthermore, swore that he had not stated before the grand jury that he knew him. It was shown that he had stated before the grand jury that he knew Dave Henry, and that he had bought the whisky from him, or words to that effect. Suppose that defendant herein had admitted on the trial of Dave Henry that he had stated before the grand jury that he knew him, notwithstanding he continued to say on the trial that he did not know him. That would not have justified the conviction of Dave Henry. Hence it was immaterial whether he admitted or denied stating what he was alleged to have stated before the grand

jury.   It was immaterial how many falsehoods he might tell as to previous statements, since there was a total failure of proof against Dave Henry.

For a witness to impeach himself by contradictory statements is sometimes material, because one is guilty of perjury who in this way deprives another of the benefit of his true testimony, and thereby tends to defeat the ends of justice.   But in such case it should appear that his false swearing had the effect, or might have had the effect, of influencing legitimately the determination of the issue concerning which he was called to testify.   Otherwise, his testimony, be it true or false, is immaterial.   The false swearing of defendant in the trial of Dave Henry could not have influenced the determination of the question of the guilt or innocence of Dave Henry the one way or the other, since there was no evidence for or against him.

Reversed and remanded.