Scott v. State.

Opinion delivered January 13, 1906.

1. Criminal procedure—failure to give instruction not asked.—Failure to charge the jury in a prosecution for perjury that a conviction can not be had save on the testimony of two credible witnesses, or on that of one witness corroborated by other evidence, cannot be complained of unless appellant asked for an instruction on that point. (Page 456.)

2. Perjury—defense.—Where a perjury has been committed as to a material matter, it does not lie with the perjurer to say that if he had sworn the truth the case for other reasons would have failed. (Page 457.)

Appeal from Crawford Circuit Court; Jeptha H. Evans, Judge; affirmed.

J. E. London, for appellant.

1.  The matters alleged as false were immaterial. 49 Ark.
179; 61 Ark. 599; 1 S. W. 465. The indictment fails to allege
that the testimony was willfully, corruptly and falsely given,
which was fatal error. 2 S. W. 137.

2.  The court erred in failing to charge the jury that a con-
viction for perjury can not be had save on testimony of two credi-
ble witnesses, or one credible witness corroborated by other
evidence as to the falsity of defendant's statement on oath. 15
S. W. 174; 11 S. W. 485; 2 S. W. 465; 13 S. W. 869.

*Robert L. Rogers, Attorney General,* for appellant.

1.  The court properly instructed the jury as to the material-
ity of the evidence. 53 Ark. 395.

2.  It was a material inquiry on the trial of the assault case
to know whether defendant had a knife.

RIDDICK, J. This is an appeal from a judgment convicting
the defendant, Ed Scott, of the crime of perjury, and sentencing
him to imprisonment in the penitentiary for the period of one
year as punishment therefor.

The facts are that Ed Scott had been previously indicted for
an assault with intent to kill one Garfield Cook by cutting him
with a knife. On the trial of that case he took the stand as a wit-
ness in his own behalf, and testified that he made no assault, and
had no knife with him at the time. He was afterwards indicted
for perjury, the indictment being based on his testimony that he
had no knife in his hand, and that he said nothing and did nothing
to Cook at the time he was alleged to have assaulted him.

No objection was made on the trial to the indictment in this
case, and it seems to us to be according to the usual form and suf-
ficient. Counsel for defendant says that the court erred in failing
to charge the jury that a conviction for perjury cannot be had
save on the testimony of two credible witnesses, or on that of one
witness corroborated by other evidence, showing that the state-
ments of defendant on oath for which he was indicted were in
fact false. But defendant asked no such instruction. The cases he
cites from Texas which hold that it is a fatal error for the court to
omit giving such an instruction, even though not requested, are in
conflict with the general rule and with the decisions in this State,
and cannot be followed here. As the defendant asked for no

instruction on that point, he has, under our practice, no right to complain that the court did not give it. *White* v. *McCracken*, 60 Ark. 613; *Fordyce* v. *Jackson*, 56 Ark. 602.

Counsel for defendant did request the court to instruct the jury that if the defendant was so far from Cook at the time he was alleged to have assaulted him with a knife that he could not cut or harm him with the knife, then defendant could not be convicted of perjury, although he testified falsely that he had no knife at that time. The court refused to give an instruction to this effect, and counsel contend that this was error. But, in order to convict the defendant of having committed perjury in that case, it was not necessary to show that he was guilty of the assault charged in that case. He was charged in that case with having committed an assault with a knife. It was then material to know whether or not he had a knife at that time. He testified that he had no knife, and now contends that, even if this testimony was false, it was not material because the prosecution for an assault would have failed on another point. But, to quote the language of the Court of Appeals of New York, "it does not lie with the perjurer to say that if he had sworn the truth, the case for other reasons would have failed." *Wood* v. *People*, 59 N. Y. 123. In that case the court met the same argument made by counsel for appellant in this case by saying: "This argument assumes that testimony, in order to be material, must relate not only to the issue in the cause, but to an issue which might be fully maintained by the party tendering it; in other words, that if the testimony relates to a fact or circumstances which is material as part of an entire case, the accused may escape conviction if he can show that another essential fact could not have been found. If a person swears falsely in respect to any fact relevant to the issue being tried, then we think he is guilty of perjury, although the case failed from defect of proof of another fact, and although the other fact alleged had no existence."

This decision, we think, was clearly correct. It is a matter of no moment in this case whether defendant was guilty or innocent of the assault charged against him in the other case, for it was certainly material in that case to know whether he had a knife at the time the assault was alleged to have been committed with a knife. If he willfully testified falsely in that case that he had no

knife, then he committed perjury, whether he was guilty of the assault or not, and the circuit court properly so held. *Robertson* v. *State,* 54 Ark. 604; *Rex* v. *Rhodes,* 2 Raymond (Eng.), 887; *Wood* v. *People,* 59 N. Y. 117; 2 Bishop, New Crim. Law, § 1032.

The case of *Leak* v. *State,* 61 Ark. 599, cited by counsel for defendant, does seem at first glance to support his contention, but the facts in that case were very different from those here, and we cannot accept it as authority for the contention made here, which is clearly contrary to well-established law.

The evidence was amply sufficient to support the verdict, and, finding no error, the judgment is affirmed.