## HART v. STATE OF INDIANA.

[No. 22,468.  Filed January 13, 1914.]

1. CRIMINAL LAW.—*Pleading.*—*Certainty.*—The code of criminal procedure requires no greater degree of certainty in criminal pleadings than in civil ones, and, as against a motion to quash, they need be certain only to a common intent.  p. 25.

2. CRIMINAL LAW.—*Pleading.*—*Inferences.*—A fact reasonably inferable from those pleaded, though stated indirectly and argumentatively may be deemed as averred.  p. 25.

3. INDICTMENT.— *Requisites and Sufficiency.*— An indictment is sufficient where the material averments are stated with such certainty as to apprise the defendant of the nature and charac-

ter of the charge against him, and as to enable the court to pronounce judgment upon a conviction "according to the right of the case". p. 26.

4. ARSON. — Indictment. — Allegations. — Sufficiency. — While it is essential that an indictment charging one with setting fire to his own property should allege that the property was insured against loss or damage by fire, an indictment alleging that the property was insured for a certain sum in a named fire insurance company, and that it was fired by defendant with intent to defraud that company, was sufficient, since the name of the company standing alone, would warrant the inference that the insurance was against fire loss, and the further allegation that the property was fired to defraud that company compels such inference. p. 26.

5. APPEAL.—Questions Presented.—Briefs.—No question is presented on the giving of instructions where appellant's brief, under "points and authorities" merely asserts that the court erred in giving certain instructions on its own motion, and no particular defect is pointed out or reason assigned for a review of the court's action in relation to such instructions. p. 27.

From Warrick Circuit Court; Ralph E. Roberts, Judge.

Prosecution by the State of Indiana against Guy Hart. From a judgment of conviction, the defendant appeals. Affirmed.

Roscoe Kiper, for appellant.

Thomas M. Honan, Attorney-General, and Thomas H. Branaman, for the State.

MORRIS, C. J.—Appellant was convicted of the crime of arson. In overruling his motion to quash the indictment, error is claimed. The indictment charges that appellant did unlawfully, etc., "set fire to and attempt to burn a certain dwelling house, * * * of the value of Two Thousand ($2,000.00) Dollars, * * * the property of the said Guy Hart, upon which house a policy of insurance for Twenty-five Hundred ($2,500) Dollars had been issued by the Connecticut Fire Insurance Company of Hartford, Connecticut, which policy was then and there in force, with the intent to defraud the said Connecticut Fire Insurance Company, * * * and did * * * unlawfully, * * * set fire to and burn, and partially destroy said

property, to the damage thereof in the sum of Two Hundred ($200) Dollars, contrary to the form of the statute," etc.

The only ground for the motion to quash, here relied on, is the following: "That said indictment does not allege facts sufficient to constitute a public offense." Subd. 2, §2065 Burns 1908, Acts 1905 p. 584, §194.

So much of the statute, under which the indictment was returned, as is pertinent here, reads as follows: "Whoever * * * burns or attempts to burn any dwelling house * * *, the property * * * being insured against *loss or damage by fire,* and the burning or attempt to burn, being with intent to * * * defraud the insurer, is guilty of arson," etc. (Italics ours). §2260 Burns 1908, Acts 1905 p. 584, §371. It is contended that the indictment is insufficient to repel the motion to quash, because it contains no certain and direct averment that the insurance was against loss or damage by fire. Our code of criminal procedure requires no greater degree of certainty in criminal pleadings than is required in civil ones. The latter, on general demurrer, and the former, on the equivalent test of a motion to quash, grounded on subdivision 2, §2065, *supra,* must be certain only to a common intent. *Agar* v. *State* (1911), 176 Ind. 234, 244, 94 N. E. 819, and cases cited. *Domestic Block Coal Co.* v. *De Armey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99, and cases cited. Certainty, to a common intent, at least under the code system, is attained when the pleading shall be deemed to allege all that can be implied from the direct allegations therein, by a reasonable and fair intendment. *Domestic Block Coal Co.* v. *DeArmey, supra; Woodsmall* v. *State* (1913), 179 Ind. 697, 102 N. E. 130. A fact reasonably inferable from those pleaded, though stated indirectly, and argumentatively, may be deemed as averred. *Woodsmall* v. *State, supra; State* v. *Jessup* (1889), 42 Kan. 422, 22 Pac. 627. In *Agar* v. *State, supra,* it was said "the true test of the sufficiency of an indictment

is whether the material averments thereof are stated with such certainty as to apprise the defendant of the nature and character of the charge against him.'' Ordinarily, a charge in the language of the statute is sufficient. But, under §2044 Burns 1908, Acts 1905 p. 584, §173, such language is not necessary, and the equivalent thereof is sufficient. Moreover, by §2062 Burns 1908, Acts 1905 p. 584, §191, even if the indictment be questioned for uncertainty under subd. 4, §2065, *supra,* it must be held sufficient, if the offense charged is stated with such definiteness that the court may pronounce judgment upon a conviction ''according to the right of the case.'' *Agar* v. *State, supra.*

Where, as here, the defendant was charged with setting fire to his own property, it was not only necessary to allege that it was insured, but also to aver that the insurance was against loss or damage by fire. If the insurance were against loss or damage by tornado only, the act denounced by the statute would not be properly averred. This indictment contains no direct allegation of insurance against loss by fire, but it does contain the following averments: (1) the property was insured, (2) in the ''Connecticut Fire Insurance Company,'' for a certain sum, and (3) was fired with intent to defraud that company. The name of the company, standing alone, fairly warrants the inference that the insurance was against fire loss. *Indianapolis Sun Co.* v. *Horrell* (1876), 53 Ind. 527. The further allegation that the firing was done to defraud the same insurance company, compels the inference that the insurance was against fire loss, for otherwise the company could not have been defrauded. Under the authorities above cited, the indictment was sufficient to repel the motion to quash, on the ground therein stated. Section 2065, *supra,* permits the defendant to challenge the indictment for any one or more of the four causes therein enumerated. The fourth cause of the section is as follows: ''That the indict-

ment * * * does not state the offense with sufficient certainty.'' Whether this indictment was sufficient to have repelled an assault for such specific cause, had it been urged, is not here considered. *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125.

In appellant's brief, under the heading of ''points and authorities'' it is asserted that ''the court erred in giving to the jury instruction No. 3, on its own motion.''

5. Other instructions are challenged in like manner, without pointing out any particular defect in the instruction, or assigning any reason for the review of the action of the trial court in reference thereto. The Attorney-General insists that no question is presented by the brief, for review here, and it must be held that this contention should prevail. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033; *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 80 N. E. 538; *Leach* v. *State* (1912), 177 Ind. 234, 240, 97 N. E. 792; *Michael* v. *State* (1912), 178 Ind. 676, 99 N. E. 788, and cases cited. There is evidence to support the verdict, and nothing is presented in appellant's brief which would warrant this court in ordering a new trial. Judgment affirmed.

Spencer, J., not concurring.

NOTE.—Reported, in 103 N. E. 846. See, also, under (1) 22 Cyc. 287; (2) 22 Cyc. 293; (3) 22 Cyc. 295; (4) 3 Cyc. 1002; (5) 2 Cyc. 1014-1016. As to law of arson, see 81 Am. Dec. 65; 101 Am. St. 21. As to arson in setting fire to one's own building, see 32 L. R. A. 647. As to setting fire to a building or property with intent to defraud an insurance company as a crime, see Ann. Cas. 1913 C 1164.