(No. 5543.   January 30, 1931.)

STATE, Respondent, v. EMMETT TERRY, Appellant.

[295 Pac. 427.]

J. W. Porter and J. W. Taylor, for Appellant.

Fred J. Babcock, Attorney General, and Maurice H. Greene, Assistant Attorney General, for Respondent.

LEE, C. J.—A. M. Terry was charged in the probate court of Gooding county with the crime of arson. At the preliminary hearing, his nephew, Emmett Terry, appellant herein, testified that he did not make certain statements to four officers with respect to the whereabouts of himself and said A. M. Terry on the evening and night of the alleged arson. One of the alleged statements established A. M. Terry's presence in the vicinity of the crime about twenty-five minutes before the fire was discovered, and therefore related to a matter directly material to the state's case. Appellant was accordingly prosecuted for perjury and con-

286

victed. With his appeal from the ensuing judgment, we are here concerned.

It is first contended that the case must fall for the reason that, since appellant merely denied making certain statements, he in nowise denied the truth of the statements alleged to have been made, that, if in fact he did make such statements, his falsity lay only in denying that he did make them, a matter having no possible materiality in the case against A. M. Terry. This subtle argument is supported by *Leak v. State*, 61 Ark. 599, 33 S. W. 1067. But that case overlooked certain fundamental principles. One of those is that the ordinary man, when conversing, is presumed to speak the truth. If appellant told the officers what they declared he did, the presumption was that he told the truth, and that A. M. Terry was just where appellant said he was. However, when appellant denied ever having made the statements, with that denial, as far as he was concerned, went the presumption and the material fact supported by it, namely: A. M. Terry's proximity to the neighborhood of the crime. At the close of the hearing, the case against A. M. Terry was dismissed. Can it with assurance be affirmed that appellant's testimony did not weaken the state's case or materially influence the committing magistrate's decision? (*People v. Metzler,* 21 Cal. App. 80, 130 Pac. 1192.) But the reasoning of *Leak v. State, supra,* was positively discarded by *Scott v. State,* 77 Ark. 455, 92 S. W. 241.

On the trial of the instant case, the witnesses, Gridley and Ellis, testified that appellant had made them substantially the same statements as detailed by the officers. Very strenuously appellant complains of the incompetent and immaterial nature of this testimony. Its admission was proper as corroborative of the officers' recountal of what appellant told them. (*Logan v. State,* 96 Tex. Crim. 601, 258 S. W. 830.) As the state well says: " . . . . if in truth and in fact, what occurred in Hagerman that night was correctly detailed by the witnesses, Gridley and Ellis, it logically follows that on being questioned by the officers appel-

lant told the same story rather than a false and fictitious one invented by him upon the spur of the moment."

Appellant insists that he was subjected by the officers to a so-called "third degree," the while he was so temporarily sick and booze befuddled that he was a mere automaton irresponsible for anything he said. If such condition obtained, by what sort of cerebral legerdemain could he, at the subsequent preliminary hearing of Terry, recall so distinctly just what he did not say? On the trial months after the preliminary examination, with reference to his conversation with the officers, he swore: "No, I couldn't remember anything they told me. I don't remember saying anything to them. No, I could not remember any conversations." Yet at the preliminary examination aforesaid, he positively swore that he knew what he said. Officers Barlogi and Dunham testified that he was sober: the jury evidently believed that he was.

Instructions Nos. 8 and 20, are attacked. No. 8 advised the jury that if it found from the evidence that appellant's testimony on the preliminary examination contained substantially the statement or statements charged in the information and that his testimony was wilfully and knowingly false "in the particulars set out in the information and traversed by one or more assignments of perjury set out in the information," it should find the defendant guilty. No. 20 advised that it was not necessary to prove or establish all matters alleged and set up in the information, but it was sufficient, if the jury believed from the evidence beyond a reasonable doubt that the prosecution had proved that "any" of the matters charged in the information were so sworn to by defendant and were to the then knowledge of the defendant false and untrue.

Inasmuch as some of the statements charged related to matters immaterial to either the guilt or innocence of Terry, both instructions are patently erroneous. But, in the face of the record, we cannot deem them to have been prejudicial. The alleged statements furnished a consistent recital so fully substantiated by the evidence that the jury was war-

ranted in believing it made *in toto,* and could well have rendered the verdict it did, had the particular instructions been omitted. (*State v. Marren,* 17 Ida. 766, 107 Pac. 993; *State v. Silva,* 21 Ida. 247, 120 Pac. 835.)

Judgment affirmed.

Givens, Varian and McNaughton, JJ., and Koelsch, D. J., concur.