MADDOX *v*. STATE OF INDIANA.

[No. 26,946.  Filed February 15, 1938.  Rehearing denied March 22, 1938.]

538

L. A. Douglass, for appellant.

Omer S. Jackson, Attorney-General, and Patrick J. Smith, Deputy Attorney-General, for the State.

SHAKE, J.—Appellant was found guilty on a charge of perjury contained in a grand jury indictment. The errors assigned and not waived are: 1. Overruling appellant's motion to quash on the grounds: (a) That the facts stated in the indictment do not constitute a public offense; and (b) that the indictment does not state the offense with sufficient certainty; 2. Overruling appellant's motion made at the close of the State's evidence to direct the jury to return a verdict of not guilty; 3. Overruling appellant's motion for a new trial on each of the following grounds: (a) The verdict of the jury is contrary to law; (b) the verdict of the jury is not sustained by sufficient evidence; (c) error in admitting certain testimony of each of State's witnesses, Baird, Cooper, Fordyce, Gunn, Crum, Dickey, Hughes, and Conner; (d) error in admitting in evidence State's exhibit A; (e) error in refusing to give to the jury at the close of all of the evidence the instruction to find for the defendant; (f) error in giving to the jury, separately and severally, instructions 1, 5, 7, 8, 9 and 11, tendered by the State.

After charging that the grand jury was duly organized, charged and sworn, the indictment alleges in substance that it was engaged in conducting an inquiry in regard to the killing of one Clarence Amster; that

the appellant was a witness before the grand jury and was duly sworn by its foreman; that the following question, touching matters material to the point in question then and there under consideration, was propounded to him: "Did you tell Hal K. Hughes, Sheriff of Clark County, Indiana, that C. W. Jimmy James, Edwin Walker and Joe Clark, did the shooting at your place, located on State Highway 31, in Clark County, on the night of July 2, 1937, in which shooting Clarence Amster was killed?" to which question the appellant then and there unlawfully, feloniously, wilfully and corruptly answered: "No sir, I did not," whereas, in truth and in fact, as he, the said Walter Maddox then and there well knew, did tell the said Hal K. Hughes, sheriff as aforesaid, that C. W. Jimmy James, Edwin Walker and Joe Clark, did the shooting at the time and place mentioned in the foregoing question.

The charge was based on the following statute: "Whoever, having taken a lawful oath or affirmation in any matter in which, by law, an oath or affirmation may be required, shall, upon such oath or affirmation, swear or affirm wilfully, corruptly and falsely touching a matter material to the point in question, shall be deemed guilty of perjury, . . ." Section 10-3801 Burns Ann. St. 1933, §2619 Baldwin's Ind. St. 1934.

It is necessary and essential that a charge of perjury allege that the testimony upon which it is predicated is false. It is not necessary, however, that the charge follow the exact language of the statute.

"Our code of criminal procedure requires no greater degree of certainty in criminal pleadings than is required in civil ones. The latter, on general demurrer, and the former, on the equivalent test of a motion to quash, . . ., must be certain only to a common intent. . . . Certainty, to a common intent, at least under the code system, is attained when the pleading shall be

deemed to allege all that can be implied from the direct allegations therein, by a reasonable and fair intendment." *Hart* v. *State* (1914), 181 Ind. 23, 25, 103 N. E. 846; *Agar* v. *State* (1911), 176 Ind. 234, 244, 94 N. E. 819.

It will be noted that the word *falsely* is omitted from the charge, but it is alleged in substance that the testimony offered before the grand jury was unlawful, felonious, wilful and corrupt. In the case of *State* v. *Anderson* (1885), 103 Ind. 170, 173, 2 N. E. 332, this court said, in passing upon the precise question raised here: "The charge is in the words of the statute except that the word *falsely* is omitted, and in its stead the word 'feloniously' is used. It is charged that the affidavit was false, and that appellee well knew that the affidavit and all stated therein were wholly false, and that he wilfully, knowingly and voluntarily committed wilful and corrupt perjury. These several charges, in connection with the word *feloniously*, we think, ought to be regarded as the equivalent of the word 'falsely' ." Appellant has cited the case of *State* v. *Kellis* (1923), 193 Ind. 619, 621, 141 N. E. 337, but we think this authority is against his contention. In that case it is said: "The indictment then charges that appellee 'did then and there unlawfully, wilfully, corruptly, and feloniously swear, that he, the said Austin Kellis, was not at the said road house of the said Al Bunch at the time the said William Sears was so killed; . . .'." It will be noted that the word *falsely* does not appear in the charge, but the court held the indictment good.

Under the rule laid down in the two cases cited above, we hold that the indictment charged a public offense.

Appellant also says that the indictment is bad for uncertainty, in that the materiality of the testimony alleged to have been given by him before the grand jury does not appear. It is sufficient to charge generally that the false statement is material,

without setting out the facts from which said materiality appears. *State* v. *Sutton* (1897), 147 Ind. 158, 46 N. E. 468; *State* v. *Cunningham* (1888), 116 Ind. 209, 18 N. E. 613; *State* v. *Turley* (1899), 153 Ind. 345, 55 N. E. 30. The materiality of the testimony given by the appellant before the grand jury is sufficiently charged, and we hold that the indictment is not bad for uncertainty.

The alleged errors of the trial court in overruling appellant's motions for a directed verdict at the close of the State's evidence and at the close of all of the evidence, and the assignments that the verdict of the jury was contrary to law and was not sustained by sufficient evidence, are all based on the proposition that the trial court erroneously admitted certain evidence over appellant's timely objections. This evidence related to the testimony of the members of the grand jury, to the effect that the appellant testified before that body as charged in the indictment, and to the testimony of the sheriff, his deputy, the coroner, and an undertaker's assistant, that the appellant had previously told the sheriff, Hal K. Hughes, that C. W. Jimmy James, Edwin Walker and Joe Clark, did the shooting at his place, located on State Highway 31, in Clark County, on the night of July 2, 1937, in which shooting Clarence Amster was killed. Objections were made to this testimony on the grounds that it was immaterial, called for hearsay, asked for facts that were not a part of the *res gestae*, and could only be competent for the purpose of impeaching the witness, if he had testified otherwise. The testimony was not open to the objections charged against it. An inquiry of a grand jury is not limited to the consideration of that which would be admissible on the trial of a cause. *State* v. *Turley, supra.* Any testimony which might legally affect the finding of or refusal to find an indictment is material on a grand jury investigation. *State* v. *Kellis, supra.* In

the instant case, the grand jury might have concluded that their investigation justified an indictment for some degree of homicide, provided competent and dependable witnesses were available to establish who did the alleged shooting. Appellant's contradictory statements with respect to the matter under inquiry, might have been the deciding factor in determining whether or not an indictment should be returned. See *State* v. *Terry* (1931), 50 Idaho 283, 295 P. 427. The trial court did not err in its rulings on the admission of evidence.

The objections to the instructions all relate to the same propositions of law urged against the indictment and regarding the admissibility of evidence, which we have already resolved against the appellant. For that reason, it becomes unnecessary for us to consider each of the instructions complained of separately. We hold that the instructions were proper.

We find no reversible error, and the judgment is affirmed.

Roll, C. J., absent.