**W. J. USERY, Jr., Secretary of Labor, United States Department of Labor**

v.

**The CENTRIF–AIR MACHINE CO., INC., and Lofton H. Smith.**

**Civ. A. No. 76–1551A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 10, 1977.

William J. Kilberg, Sol. of Labor, Bobbye D. Spears, Regional Sol., Washington, D.C., W. T. Truett, Atty., Carl B. Carruth, Atty., U.S. Dept. of Labor, Atlanta, Ga., for petitioner.

Lofton H. Smith, pro se.

ORDER

RICHARD C. FREEMAN, District Judge.

This is an action wherein petitioner, the Secretary of Labor, seeks an order pursuant to the Occupational Safety and Health Act

of 1970, 29 U.S.C. § 651, *et seq.* [hereinafter "OSHA"] compelling the inspection of the business premises and records of The Centrif-Air Machine Co., Inc. [hereinafter "Centrif-Air"]. Respondent objects to the issuance of such an order contending that a nonconsensual inspection of his premises without first obtaining a search warrant based upon probable cause violates its right to be free from unreasonable searches and seizures guaranteed by the Fourth Amendment to the United States Constitution. At this juncture, a brief review of the salient facts and the scope of OSHA legislation is warranted.

On September 16, 1976, at approximately 1:00 P.M., Oliver J. Chastain, a Compliance Officer for the Occupational Safety and Health Administration, United States Department of Labor, requested admittance to Centrif-Air's premises at Duluth, Georgia and was refused such admittance by Lofton H. Smith, the owner and general manager of Centrif-Air. Mr. Chastain reiterated the fact that his purpose simply was to make a safety inspection pursuant to OSHA, but Mr. Smith still contended that Mr. Chastain would need a "court order" before he would be allowed to enter the premises. Mr. Chastain left the premises, and thereafter, on September 20, 1976, the Secretary of Labor brought the instant action to compel Centrif-Air to allow the Secretary to inspect respondent's premises and records.[1]

The Congressional mandate embodied in OSHA places a duty upon employers to

> furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees.

29 U.S.C. § 654(a)(1). The specific authority which petitioner now seeks to invoke is contained in 29 U.S.C. § 657(a), which provides that "the Secretary, upon presenting appropriate credentials to the owner, operator or agent in charge, is authorized—

> (1) to enter without delay and at reasonable times any factory, plant, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer; and

> (2) to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials therein, and to question privately any such employer, owner, operator, agent or employee."

Some difficulty in interpretation of OSHA is generated by the fact that Congress did not itself enact enforcement provisions relative to this broad authority to inspect. *In re Rupp Forge, infra.* Nevertheless, 29 C.F.R. § 1903.4 does provide that when a compliance officer is refused admittance, "[t]he Area Director shall immediately consult with the Assistant Regional Director and the Regional Solicitor, who shall promptly take appropriate action, including compulsory process if necessary." 29 C.F.R. § 1903.4. Procedures contained in the OSHA Compliance Operations Manual suggest that while an inspection warrant may be obtained, the department does not view such a step as mandatory before resorting to "compulsory process."[2] In any event, it

---

**1.** Testimony adduced at the hearing of this action on October 28, 1976 suggests that the only records properly subject to OSHA inspection would be health and safety records. (Hearing R. 25).

**2.** OSHA Compliance Operations Manual, pp. V–6 to V–7 (January 1972), provides:

> .  .  .  .  .

> b. In cases where a CSHO encounters a refusal to permit entry, he should advise his Area Director, who will in turn refer the

matter to the appropriate Regional Administrator and the Regional Solicitor with a request that an inspection warrant be obtained.

> c. If an employer refuses to permit an inspection, the CSHO should advise the employer that the Act (Section 8(a)) provides for an inspection, but he shall not state or imply that the law provides any penalty for refusing permission to inspect. If there is still a refusal to permit inspection, CSHO shall endeavor to ascertain the reason for such refusal. He will leave the premises and

is undisputed that no search warrant was ever obtained in the instant action and that there would have been no basis in fact for the issuance of such a warrant.[3]

Nevertheless, petitioner argues that the inspection which it seeks is supported by *Brennan v. Buckeye Industries, Inc.*, 374 F.Supp. 1350 (S.D.Ga.1974).

In *Buckeye* the court held that a warrantless inspection without probable cause was authorized by § 657(a) of OSHA and was valid under the Fourth Amendment. The *Buckeye* holding was bottomed upon several Supreme Court decisions governing the scope of nonconsensual administrative inspections, including *Camara v. Municipal Court*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); *See v. City of Seattle*, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967); *Colonnade Catering Corp. v. United States*, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970); and *United States v. Biswell*, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972). Taken together, *Camara* and *See* stand for the proposition that while nonconsensual administrative inspections of commercial premises are authorized, such inspections may only be accomplished upon presentation of a warrant based upon satisfaction of a flexible probable cause standard.[4] In its subsequent decisions in *Colonnade* and *Biswell*, however, the Court rejected any warrant requirement where the premises sought to be inspected were federally li-censed to deal in the sale of liquor and firearms respectively. The *Buckeye* court logically interpreted the *Colonnade* and *Biswell* decisions as an extension of *Camara* and *See* which would soon totally subsume the warrant requirement in the area of nonconsensual administrative inspections.

In light of more recent precedent, *see Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973) (expressly reaffirming *Camara* and *See*); *Air Pollution Variance Board v. Western Alfalfa Corp.*, 416 U.S. 861, 94 S.Ct. 2114, 40 L.Ed.2d 607 (1974) (generally reaffirming *Camara* and *See* after *Buckeye*) we must reject the *Buckeye* court's interpretation. Rather we agree with several recent well-reasoned decisions which have construed *Colonnade* and *Biswell* as narrow exceptions to *Camara* and *See* which operate to negate the warrant requirement for unconsented administrative inspections only when: (1) the enterprise sought to be inspected is engaged in a pervasively regulated business; (2) the inspection will pose only a minimal threat to justifiable expectations of privacy; (3) warrantless inspection is a crucial part of a regulatory scheme designed to further an urgent federal interest; and (4) the inspection may be carefully limited as to time, place and scope. *Dunlop v. Hertzler Enterprises, Inc.*, 418 F.Supp. 627 (D.N.M.1976); *Brennan v. Gibson's Products*, 407 F.Supp.

shall immediately report the refusal and the reason therefore to the Area Director. The AD shall immediately consult with the Regional Administrator and the Regional Solicitor who shall promptly take appropriate action including compulsory process, if necessary.

e. In cases where entry has been allowed and the employer interferes with or limits an important aspect of the investigation, the CSHO should decide whether to complete the inspection and through the Area Director alert the Regional Administrator, and request the Regional Solicitor to seek an inspection warrant. For example, if the employer refuses to permit the walk-around or to permit the CSHO to examine records which are essential to the inspection, the inspection should be discontinued and an inspection warrant sought. In other cases where the employer interferes with or limits the inspection, the inspection should be completed and the matter discussed with the Area Director as to further appropriate action.

3. At the evidentiary hearing conducted by this court it became apparent that no complaint had been lodged by an employee against Centrif-Air and that petitioner had no other basis in fact for believing that violations existed on respondent's premises. Rather, it was evident that respondent's facility had been selected for inspection on a semi-random basis; the only criterion pertinent to its selection being the fact that it had not previously been inspected.

4. The flexible probable cause standard suggested by *Camara* would, in its simplest form, involve balancing the need to search against the intrusion which searching would entail.

154 (E.D.Tex.1976) (three judge); *In Re Inspection of Rupp Forge Co.*, 4 OSHC 1487 (N.D.Ohio April 1976), *see also Lake Butler Apparel Co. v. Secretary of Labor*, 519 F.2d 84 (5th Cir. 1975). In the instant action, the inspection sought does not come within the first branch of this test since Centrif-Air's business, the manufacture and sale of textile machinery, is not subject to pervasive state or federal regulation. *See Dunlop v. Hertzler Enterprises, Inc., supra* (the manufacture of ammunition did not qualify as an area of pervasive federal regulation.) The failure of the Secretary to satisfy this prong of the test alone is fatal to the instant application for an order compelling inspection, *see Brennan v. Gibson Products, supra,* for the four exceptional circumstances excusing the warrant requirement in administrative searches are cumulative rather than merely repetitive; therefore, we need not also determine whether the other elements of minimal intrusion and reasonableness have been satisfied. Accordingly, we conclude that constitutional application of the inspection provisions contained in 29 U.S.C. § 657(a) in the absence of respondent's consent is governed by the traditional administrative inspection rule embodied in *Camara* and *See,* and that petitioner, therefore, must obtain a warrant based upon a preliminary finding of "probable cause"[5] before being allowed to inspect Centrif-Air's premises.[6]

Accordingly, for the reasons hereinabove expressed, the instant petition for an order compelling inspection is hereby DENIED, and the action is hereby ORDERED to be DISMISSED.

---

**5.** *See* fn. 4, *supra.*

**6.** We decline to follow the holding of *Barlow's, Inc. v. W. J. Usery*, 424 F.Supp. 437 (D.Idaho, 1976) (three judge) to the effect that the OSHA enforcement provisions are *per se* unconstitutional. Rather, we believe, as did the court in *Brennan v. Gibson Products*, 407 F.Supp. 154 (E.D.Tex.1976) (three judge), that when the evidence is conflicting and inconclusive, we must presume that Congress intended to act in a constitutional manner by requiring that nonconsensual inspections under OSHA be authorized by an inspection warrant based upon probable cause.