571 P.2d 117

**STATE of New Mexico ex rel. ENVI-
RONMENTAL IMPROVEMENT
AGENCY, Plaintiff-Appellant,**

v.

**ALBUQUERQUE PUBLISHING COMPA-
NY, a New Mexico Corporation,
Defendant-Appellee.**

**No. 11344.**

Supreme Court of New Mexico.

Oct. 26, 1977.

Rehearing Denied Nov. 15, 1977.

Toney Anaya, Atty. Gen., Bruce S. Gar-
ber, Louis W. Rose, Asst. Attys. Gen., Santa
Fe, for plaintiff-appellant.

Johnson, Paulantis and Lanphere, Eric D.
Lanphere, Albuquerque, for defendant-ap-
pellee.

OPINION

EASLEY, Justice.

The issue of whether state and federal
agencies are empowered to conduct non-
consensual inspections of business premises
for health and safety purposes without
search warrants has generated a vast
amount of recent litigation in state and
federal courts. The matter is now before
the United States Supreme Court. *Bar-
low's, Inc. v. Usery*, 424 F.Supp. 437 (D.Ida-
ho 1977) (three judge court), *appeal docket-
ed sub nom. Marshall v. Barlow's, Inc.*, 430
U.S 964, 97 S.Ct. 1642, 52 L.Ed.2d 354
(1977).

Another lengthy analysis here of the leg-
islative background and the various con-
flicting opinions could be of no substantial
benefit to the New Mexico bench, bar or
the litigants.

This Court chooses to follow the the-
ories advanced in *Dunlop v. Hertzler Enter-
prises*, 418 F.Supp. 627 (D.N.M.1976), *appeal
docketed* No. 76–2020 (10th Cir., November
5, 1976) and *Usery v. Centrif-Air Machine
Co.*, 424 F.Supp. 959, 961 (N.D.Ga.1977). In
so doing, we hold that a non-consensual,
warrantless administrative inspection of
business premises can be made only when:
(1) the enterprise sought to be inspected is
engaged in a business pervasively regulated
by state or federal government; (2) the
inspection will pose only a minimal threat
to justifiable expectations of privacy; (3)
the warrantless inspection is a crucial part
of a regulatory scheme designed to further
an urgent government interest; and (4) the
inspection is carefully limited as to time,
place and scope.

There was no showing in this case
that defendant-appellee, Albuquerque Pub-

lishing Company, was or is engaged in a pervasively-regulated business. Thus the plaintiff-appellant, State Environmental Improvement Agency, failed to satisfy the first test, which is fatal to its application for an order compelling inspection. We need not determine whether the other elements of minimal intrusion, urgency and reasonableness have been satisfied.

We therefore conclude that this state agency, in the absence of the consent of the Albuquerque Publishing Company to inspect its premises, must obtain a search warrant based upon a preliminary finding of probable cause by a judicial officer before being allowed to inspect the premises involved.

The decision of the trial court is affirmed.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.