John Wayne MOORING *v.* STATE of Arkansas

CA CR 83-107 666 S.W.2d 720

Court of Appeals of Arkansas
Division I
Opinion delivered April 4, 1984

*Green Law Office*, by: James P. Clouette, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant, John Wayne Mooring, was tried and convicted of the offense of possession of a controlled substance with intent to deliver. He now brings this appeal.

His first point for reversal is that the court erred in refusing to direct a verdict in his favor. A directed verdict is only proper when there is no issue of fact for the jury to decide. In resolving the issue, an appellate court should review the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence to

support the verdict. *Burks* v. *State*, 255 Ark. 23, 498 S.W.2d 336 (1973). Upon reviewing the evidence in the light most favorable to the state, we find that Robert Rich, an ABC enforcement officer, entered Hal's Liquor Store around 11:00 a.m. on July 7, 1982. He was there to make a routine inspection of the store. Upon entering, he noticed empty bottles in the trash can near the door. He observed an open bottle of whiskey sitting under the counter near the cash register. He also noticed a set of scales and a box of plastic bags. Appellant placed a cigarette machine in front of the items but Mr. Rich asked him to move it so he could look underneath the counter. He saw a brown paper sack next to the scales and bags. At that point, appellant picked up the sack and handed it to a friend, telling him to throw the sack in the trash. Mr. Rich requested to see the sack and, upon opening it, found it to contain seven plastic bags containing marijuana.

Appellant cites the case of *Osborne* v. *State*, 278 Ark. 45, 643 S.W.2d 251 (1982) for the rule that joint occupancy of premises alone will not be sufficient to establish possession or joint possession unless there are additional factors from which the jury can infer possession. In *Osborne* the police had gone to the appellant's residence with a search warrant and his wife answered the door. Upon a search, the police found contraband in a dresser in one of the bedrooms and a suitcase in the hall. Marijuana was found in an ashtray in the living room. The Arkansas Supreme Court reversed a conviction for possession with intent to deliver a controlled substance, stating that the only evidence the state presented on the issue was the stipulation that appellant resided at the premises. The court noted that there were four other people at the residence when the police arrived and there was no testimony as to whose bedroom it was where the pills were found. However, it was also stated in *Osborne* that constructive possession can be implied when the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control, or to the joint control of the accused and another, but neither actual nor exclusive possession of the contraband is necessary to sustain a charge of possession.

In the instant case there was additional evidence to show that appellant had possession of the contraband. Appellant picked up the brown paper sack containing the marijuana and gave it to a friend and asked him to throw it away. Further, it was shown that appellant had moved a cigarette machine in front of the incriminating evidence, and it can be inferred from this action that appellant was attempting to hide the incriminating evidence. In our opinion, there was ample evidence to support the jury verdict.

Appellant's second point for reversal is that the court erred in refusing to suppress evidence seized as a result of a warrantless search. There is a rebuttable presumption that a search without a warrant is an unreasonable search. *Sanders* v. *State,* 262 Ark. 595, 559 S.W.2d 704 (1977). Appellant outlines the exceptions to a warrantless search as (1) a search incident to a lawful arrest; (2) the automobile exception; (3) when consent is given; (4) the plain view doctrine. He argues that none of these exceptions is supported by the evidence in this case. However, the state counters this argument by justifying the search on the basis of a warrantless inspection. See *United States* v. *Biswell,* 406 U.S. 311 (1972). The rule in *Biswell* was recognized in an Arkansas case, *Hosto* v. *Brickell,* 265 Ark. 147, 577 S.W.2d 401 (1978). In *Hosto, supra,* the rule was stated that in a business where there is a legitimate public interest in close regulation, such as the distribution of drugs, a procedure for the issuance of a warrant prior to an administrative inspection is not constitutionally required. The court went on to say:

> Where close scrutiny of traffic and commodities which are subject to close governmental supervision is of central importance for a proper governmental purpose and inspection is crucial to the regulatory scheme, if the laws are to be properly enforced and inspection made effective, unannounced inspections without a warrant must be deemed reasonable official conduct.

In *Hosto,* the court cited from *State* v *Albuquerque Publishing Co.,* 91 N.M. 125, 571 P.2d 117 (1977), *cert. denied,* 435 U.S. 956 (1978). It appears that the Arkansas

Supreme Court adopted the test outlined in that case for determining when a non-consensual warrantless administrative inspection of business premises can be made:

1.   The enterprise sought to be inspected was engaged in a business purpose pervasively regulated by state or federal government.

2.   The inspection would pose only a minimal threat to justifiable expectations of privacy.

3.   The warrantless inspection was a crucial part of a regulatory scheme designed to further an urgent government interest.

4.   The inspection was carefully limited to time, place and scope.

In this case, it is our opinion that these facts meet the test for a warrantless administrative inspection allowed under the rule of *Hosto* v. *Brickell.* First of all, the appellant was an employee of a business which is pervasively regulated by the state. Secondly, the inspection posed only a minimal threat to justifiable expectations of privacy. The search was only conducted on the business premises and there was no area of the business premises which was searched in which appellant had any justifiable expectation of privacy. Although it could be argued that appellant did have a justifiable expectation of privacy inside the brown paper sack, he abandoned any expectation he had when he gave this sack to a friend to be thrown away. Further, the ABC agent had reason to believe that illegal activity was taking place on the premises, since he had seen the weight scales and the clear plastic bags underneath the counter. He had also seen empty liquor bottles in the trash can. Third, the warrantless inspection was a crucial part of a regulatory scheme designed to further an urgent government interest. It is well known that ABC agents conduct routine unannounced inspections on business premises to determine if there are any illegal activities taking place on the premises. The final requirement was also met. The inspection was carefully limited as to time, place and scope.

The jury's verdict is affirmed.

CRACRAFT and MAYFIELD, JJ., agree.