Joseph FLEMING *v.* STATE of Arkansas

CA CR 84-207                                    686 S.W.2d 803

Court of Appeals of Arkansas
Division II
Opinion delivered April 3, 1985

*William R. Simpson, Jr.,* Public Defender, *Jacquelyn C. Gregan,* Deputy Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Alice Ann Burns,* Deputy Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Joseph Fleming appeals from his conviction of the offense of perjury contending that the evidence was insufficient to sustain the conviction. We do not agree.

Ark. Stat. Ann. § 41-2602(1) (Repl. 1977) defines perjury as follows: "A person commits perjury if in any official proceeding he makes a false material statement, knowing it to be false, under an oath required or authorized by law." Ark. Stat. Ann. § 41-2601(2) (Repl. 1977) defines "false material statement" as "any false statement, regardless of its admissibility under the rules of evidence, which affects or could affect the course or outcome of an official proceeding. . . . Whether a false statement is material . . . is a question of law." If the false statement is material to the issue being tried, it does not matter whether the defendant is guilty or innocent of the collateral charge being tried or whether the State's evidence may fail in its proof. *Scott* v. *State,* 77 Ark. 455, 92 S.W. 241 (1906). It is only necessary that the false statement be capable of influencing the outcome of the proceedings.

The charge against the appellant was based upon his testimony during the trial of a criminal case involving one Dennis Baugh. He was charged with making false material statements under oath in that case with knowledge that the statements were false. Both the appellant and Baugh had been charged with the crime of aggravated robbery. Those charges were based on a shoplifting incident at a K-Mart Store in North Little Rock. Appellant pled guilty to the aggravated robbery charge. At the hearing on appellant's plea the prosecutor, in stating the factual basis for appellant's plea, indicated to the court that two employees had observed the appellant and Baugh shoplifting cassette tapes. When approached Baugh produced a knife and waved it at the employees to enable the shoplifters to escape. After hearing this statement of the facts the court inquired of the appellant if the statements were true and he answered that they were true. Prior to that affirmance he had made other unsworn statements to the police that Baugh was the one who threatened the employees with the knife and that the appellant was unarmed.

At Baugh's trial, however, appellant testified under oath that although he and Baugh went to the K-Mart Store together Baugh was in a different aisle and did not participate in stealing tapes or assist him in any way. The appellant testified that when he was approached by the two employees he pulled out this knife and threatened them with it so that he could get out of the store. He testified that Baugh was not aware of what was going on until after these events had transpired.

If two inconsistent statements are made under oath in a judicial proceeding the problem is simplified since it is not necessary that it be shown which of the two is false to sustain a conviction for perjury. Ark. Stat. Ann. § 41-2604 (Repl. 1977). However, where as in this case there is only one sworn statement, proof that the statement is false is governed by Ark. Stat. Ann. § 41-2605 (Repl. 1977) which provides that in prosecutions for perjury the falsity of a statement may not be established solely through contradiction by a single witness. Conviction for the crime of perjury must be based upon the testimony of at least one witness plus corroborating

evidence. The corroborating evidence must go to material testimony adduced by the State and not the testimony on some immaterial matter. *Stubblefield, Burns & Gaston* v. *State,* 201 Ark. 611, 146 S.W.2d 688 (1941).

The appellant contends that although there was a single witness who contradicted appellant's version of events the evidence does not sufficiently corroborate testimony on a material issue to sustain the conviction. We do not agree. On appeal of criminal cases the evidence is viewed in the light most favorable to the State and if there is substantial evidence to support such finding the conviction will be affirmed. *Kelley* v. *State,* 7 Ark. App. 130, 644 S.W.2d 638 (1983); *Mooring* v. *State,* 11 Ark. App. 119, 666 S.W.2d 720 (1984).

The evidence viewed in that light discloses that a security guard testified that he observed two men putting cassette tapes in their boots. When he approached them Baugh brandished a cream colored knife which allowed them to escape from the store. He testified that he did not see a knife in appellant's possession. He identified appellant and Baugh in photographic lineups, when he again indicated that Baugh was the one armed with the knife. The police sergeant testified that the appellant had told the police that Baugh was the one armed with the knife. It was stipulated that at the time of appellant's arrest the police found in his car a gray jacket containing the tapes and a brown jacket containing the knife. That information was contained in the police general report which also showed that Baugh was wearing white pants and a brown leather jacket at the time of the incident.

The security guard's testimony that both men were at the tape counter and that Baugh, rather than the appellant, was in possession of the knife meets the single witness test that appellant's testimony at Baugh's trial was false under oath. The evidence that Baugh was wearing the brown jacket at the time of the incident and a cream colored knife was found in a brown coat in the appellant's car after his arrest corroborates the security guard's testimony that Baugh had the knife and that both men were at the tape

counter, not in some other aisle. Although the information of the officer with regard to the coats and the knife was taken from a report, the officer testified from that report without · objection.

The appellant argues that as he and Baugh were charged as accomplices it was immaterial which one of them threatened the security guard with the knife and therefore his statements at Baugh's trial, even if false, did not meet the test of materiality. At Baugh's trial on the charge of aggravated robbery he interposed an alibi defense contending that he was in another department, did not threaten anyone with a knife, and was unaware of the appellant's activities when the crime was committed. The evidence of Baugh's absence from the scene at the time the crime was committed was material to his defense of alibi. There was evidence of a single witness, corroborated by the finding of the knife in his coat, that Baugh was the person who threatened the guard with the knife at the tape counter and that appellant's testimony that he was elsewhere was false. We find no error and affirm.

Affirmed.

CORBIN and MAYFIELD, JJ., agree.