State v. Turley.

---

THE STATE v. TURLEY.

[No. 19,025.   Filed October 27, 1899.]

PERJURY.—*Testimony Before Grand Jury.—Indictment.—Criminal Law.*—A grand jury in the investigation of a criminal charge may not only require witnesses to give " legal evidence," but may require them to answer questions tending to show where legal evidence may be obtained upon which an indictment may be returned, and such evidence is " touching a matter material to the point in question," and, if false, the witnesses may be prosecuted for perjury. *pp. 345-347.*

SAME.—*Privilege of Witness.—Waiver.*—A witness is liable to prosecution for perjury in giving false testimony in a grand jury investigation, although he might have declined to answer the questions on the ground that his answers would tend to criminate him. *p. 247.*

From the Lawrence Circuit Court.   *Reversed.*

*J. A. Zaring, McHenry Owen, S. B. Lowe, W. L. Taylor*, Attorney-General, and *Merrill Moores*, for State.

MONKS, J.—The indictment charges the appellee with the crime of perjury under §2093 Burns 1894, §2006 R. S. 1881 and Horner 1897. Appellee's motion to quash was sustained, and the State appeals.

It appears from the indictment that appellee was a contractor for the construction of certain gravel roads in Lawrence county in this State, and that one William Duncan was, by appointment, engineer thereof, and that the grand jury were investigating charges of bribery against appellee and against said Duncan, as engineer of said gravel roads; that said appellee appeared before said grand jury, and after being duly sworn by the foreman as a witness, he did then and there, while testifying as such witness, feloniously, wilfully, corruptly, and falsely depose, swear, and testify in substance among other things, that he, the said Turley, did not in the month of June, 1898, at Lawrence county, Indiana, say to and in the presence and hearing of Noble McPheeters and Robert Ellston, that he, said Turley, had paid said Duncan the sum of $25 at three different times, and subsequently had met said Duncan in the city of Bedford, in said State, and offered him $100, which sum he refused because the same was not large enough to further corrupt him and influence his actions and conduct as such engineer. The falsity of the testimony is specifically alleged, and it is also averred that, whether appellee made such statement, setting it forth, was material to the point in question before the grand jury.

It has been held by this court that the position of engineer or surveyor of gravel roads, created by our statutes, is an office of trust and profit under the laws of this State, within the meaning of §2096 Burns 1894, §2009 R. S. 1881 and Horner 1897, concerning bribery of public officers. *State* v. *Duncan, ante,* 318; *State* v. *Ray, ante,* 334. The grand jury had jurisdiction to investigate and return indictments for all felonies committed within the jurisdiction of the circuit court of said county. §§1366,

1721, 1735 Burns 1894, §§1314, 1632, 1666 R. S. 1881 and Horner 1897. The duty of the grand jury is to "diligently inquire," to obtain "legal evidence", to discover and detect crime, and for that purpose they have the right to interrogate witnesses concerning all matters which may tend to accomplish that result. It is evident that the grand jury in making the investigation, required by law, may require witnesses to testify concerning matters not admissible on the trial of a cause.

It is true that an indictment should be returned upon "legal evidence", but the grand jury may require witnesses to answer questions tending to show where and from whom they may obtain such evidence. All such testimony before the grand jury is therefore "touching a matter material to the point in question." It must appear from either the facts alleged in the indictment, or by a direct allegation to that effect, that the testimony claimed to be false was given "touching a matter material to the point in question." *State v. Sutton,* 147 Ind. 158. In this case the materiality of the testimony alleged to be false appears not only from the facts alleged, but from the specific allegation to that effect made in the language of the statute.

It may be that appellee could not have been required to answer any questions in regard to statements made by him, if any, concerning his bribing or offering to bribe the engineer, or to testify to anything connected therewith, if he had declined to answer on the ground that his answer would tend to criminate him, but when he testified, if his testimony or any part thereof was false, he is subject to prosecution for perjury, the same as any other witness. Gillett's Crim. Law (2nd ed.), §691.

Judgment reversed, with instructions to overrule the motion to quash, and for further proceedings not inconsistent with this opinion.