## The State v. Wilson.

[No. 19,291.   Filed March 13, 1901.]

ABATEMENT.—*Affidavit and Information.—Perjury.*—A plea in abatement to a prosecution for perjury by affidavit and information, to be sufficient to withstand a demurrer, where an amended affidavit and information has been filed, must state facts showing that none of the conditions which authorized such prosecution existed either on the date of the original or of the amended affidavit and information. *pp. 344, 345.*

PERJURY.—*Affidavit and Information.*—An affidavit and information charging perjury must show the materiality of the matters testified to, and claimed to be false, by general averment or by an allegation of the particular facts. *p. 346.*

SAME.—*Testimony Need Not Concern the Principal Issue.*—If a witness, with an intention to deceive the jury or court trying a cause,

swear so as to make an impression on their minds that a fact mate-
rial in the cause is different from what it really is, and from what
he knows it to be, he is guilty of perjury.   *p. 347.*

CRIMINAL LAW.—*Perjury.—Motion to Amend Affidavit and Informa-
tion.—Waiver.—*In a prosecution for perjury the State does not
waive its exception to an order of the court quashing an affidavit
and information by asking leave to amend subsequent to the ruling
of the court.   *pp. 347, 348.*

From the Boone Circuit Court.   *Reversed.*

W. L. *Taylor,* Attorney-General, *J. B. Shelley, P. H.
Dutch* and *A. J. Shelley,* for State.
*Samuel R. Artman,* for appellee.

MONKS, J.—Appellee was charged by affidavit and in-
formation with the crime of perjury.   The assignment of
errors calls in question the action of the court in overruling
the demurrer to appellee's plea in abatement, and in sus-
taining appellee's motion to quash the affidavit and each
count of the information.

It appears from the record that appellant was charged by
affidavit and information, filed November 22, 1899, at the
November term of the court below, with the crime of per-
jury; that appellant was arrested on said charge, and on
the next day, November 23rd, entered into a recognizance
for his appearance to answer said charge.   Afterwards, at
the December term of said court, on January 24, 1900, an
affidavit, properly sworn to on January 23, 1900, and an
information in two counts, charging the same offense, in
different language, were filed in said cause as an amended
affidavit and information.   Appellee's plea in abatement
was filed January 24, 1900, after the amended affidavit and
information were filed, and seeks to abate the action on the
ground that the same cannot be prosecuted by affidavit and
information.   Section 1748 Burns 1894, §1679 R. S. 1881
and Horner 1897, provides that all public offenses except
murder and treason may be prosecuted by affidavit and in-
formation, when certain facts stated therein exist.   Under
said section there are four cases in which felonies, except

murder and treason, may be so prosecuted. To render a plea in abatement to an affidavit and information charging a felony sufficient on demurrer, it must allege facts showing that such prosecution does not come within any one of said cases. *Lankford* v. *State,* 144 Ind. 428, 430, and cases cited; *State* v. *Drake,* 125 Ind. 367.

Under the facts disclosed by the record above stated, the plea in abatement to be sufficient on demurrer must allege facts showing not only that on November 22, 1899, at the November term of said court, when the first affidavit and information were filed, none of the conditions which authorized the prosecution of said felony by affidavit and information under §1748 (1679), *supra,* existed, but, also, that none of such conditions existed on January 24, 1900, when the amended affidavit and information were filed. It is not sufficient that the plea in abatement shows that none of such conditions existed on one of said dates; it must show that none of them existed on either one of said dates. It may be that the plea in abatement alleges facts showing that such prosecution by affidavit and information was not authorized by said section, on November 22, 1899, when the first affidavit and information were filed, but no facts were alleged showing that such prosecution was not authorized by said section on January 24, 1900, when the second affidavit and information were filed. For this reason the plea in abatement was insufficient, and the court erred in overruling the demurrer thereto.

It appears from the affidavit and information that appellee had been a witness in an action brought by one Addison L. Howard v. John N. Sicks in the court below, to recover judgment for $100 for services alleged to have been rendered by said Howard for said Sicks in securing appellee as a purchaser for a farm owned by said Sicks. "That upon the trial of said cause it became and was a material question, whether said Henry Wilson was able to purchase said farm of the said Sicks at the time it was alleged said Addison L.

Howard procured said Henry Wilson to purchase said farm of said Sicks." And the said Henry Wilson, the appellee, was duly sworn as a witness at the trial of said cause on behalf of said Howard, and did then and there feloniously, wilfully, corruptly, and falsely testify in said cause in answer to questions substantially as follows: "Q. How much land do you own in Rush county? A. Sold out down there. Q. How much did you own? A. Thirty-four acres. Q. How much do you own now? A. Eighty acres we bought since. Q. How much do you owe on it? A. It will be over $1,000 on it. Q. What did the eighty acres cost you? A. $60 an acre. Q. $4,800? A. Yes sir. Q. And you owe $1,000 on it? A. We paid $4,600 for the eighty acres. Q. And you owe $1,000 on it yet? A. Yes sir."

It is alleged that appellee did not own and had not sold said thirty-four acres of real estate, and that at the time said witness testified there was still owing and unpaid on the purchase price of said eighty acres of real estate $3,499.98, and not the sum of $1,000 as was testified by appellee. It is settled in this State that the materiality of the matters testified to, and claimed to be false, must be shown by a general averment of materiality or must appear from the facts alleged. State v. Turley, 153 Ind. 345; State v. Sutton, 147 Ind. 158, and cases cited.

It is alleged in the first count, in substance, that on the trial of said cause Wilson's financial ability to purchase the farm of Sicks became and was a material question. It is evident that whether or not appellee was or had been the owner of thirty-four acres of real estate, and whether he had sold the same, and how much, if anything, he still owed on the eighty acres of real estate, was clearly "touching a matter material to the point in question", that is, his financial ability to purchase the real estate of Sicks. It was not necessary that appellee should have testified that he was financially able to purchase said farm. The testimony need not concern the principal issue; it is sufficient if it affects

only a collateral one. If a witness, with an intention to deceive the jury or court trying a cause, swear so as to make an impression on their minds that a fact material in the cause is different from what it really is, and from what he knows it to be, he is guilty of perjury. Gillett's Crim. Law (2nd ed.) §§692, 693, 694; Clark's Crim. Law, p. 334; *State* v. *Cruikshank,* 6 Blackf. 62; *Scott* v. *Mortsinger,* 2 Blackf. 454. It is clear, from the authorities cited, that the affidavit and first count of the information were sufficient.

The parts of the first and second counts of the information to be considered in determining the questions presented on this appeal are substantially the same, except that the materiality of the testimony is alleged in the second count as follows: "That upon the trial of said cause it became and was material to the issue so joined between said Howard as plaintiff and said Sicks as defendant to inquire of the said Henry Wilson as to his financial ability, and as to whether he, the said Henry Wilson, was the owner of real estate, and also when the said Henry Wilson became the owner of said real estate, and as to the value of said real estate, and as to the amount of money that he, said Wilson owed on said real estate, and as to the amount of money, if any, was still owing on the purchase price of said real estate." It necessarily follows from what we have said concerning the affidavit and first count of the information that the second count was also sufficient. The court therefore erred in sustaining the motion to quash the affidavit and each count of the information.

After the court below sustained the motion to quash the affidavit and each count of the information, and appellant excepted thereto, appellant asked leave to amend the affidavit and information, which leave the court refused to grant, to which ruling appellant excepted. Appellant has assigned as error the action of the trial court in refusing leave to amend the affidavit and information. Appellee insists that by this course of procedure appellant waived the

error, if any, of the court below in sustaining said motion to quash. If the trial court had granted appellant's application for leave to amend the affidavit and information, and the same had been amended and filed, the effect would have been as claimed by appellee. Here, however, leave to amend was refused, and appellant has the right to present to this court for review the ruling of the court on the motion to quash.

Judgment reversed, with instructions to sustain the demurrer to the plea in abatement, and to overrule the motion to quash the affidavit and each count of the information, and for further proceedings not inconsistent with this opinion.