## STATE OF INDIANA v. KELLIS.

[No. 24,296. Filed November 16, 1923.]

1. PERJURY.—*Materiality of Testimony.*—If the testimony alleged to be false is of no importance and immaterial, it cannot be made the basis for a charge of perjury, however false, for it would not "touch the point in question" under §2375 Burns 1914, Acts 1905 p. 584. p. 622.

2. PERJURY.—*Indictment.—Allegations.—Materiality.*—In charging perjury in the uttering of false testimony, the materiality of the testimony must be shown, either by a general allegation of materiality, or by the facts alleged. p. 622.

3. PERJURY.—*Statute Construed.—Materiality of Testimony.*—In §2375 Burns 1914, Acts 1905 p. 584, defining perjury as

"Whoever, having taken a lawful oath or affirmation in any matter in which, by law, an oath or affirmation may be required, shall, upon such oath or affirmation, swear or affirm wilfully, corruptly and falsely touching a matter material to the point in question, shall be deemed guilty of perjury," etc., the words "the point in question" are not limited to the point indicated by the question put to the witness, but mean the subject-matter of the inquiry in a grand jury investigation. p. 623.

4. PERJURY. — *Materiality of Testimony.* — *Questions.* — *Direct Answers.*—Where a witness was asked upon examination before a grand jury for the name of a person who had fired pistol shots at a road house about the time deceased was there killed, and he responded under oath that he was not at the road house at that time, that he did not hear the pistol shots, and that he had gone before any trouble occurred, his responses were, in effect, a negative answer to the question propounded, and he must be held as culpable for false statements as though his statements were made in answer to direct questions. pp. 623, 624.

5. PERJURY.—*Materiality of Testimony.*—*Determination.*—The materiality of testimony given in a grand jury investigation is determined by the effect which it could have had, if it were true, rather than by the effect it did have. p. 623.

6. PERJURY.—*Grand Jury Investigation.*—*Materiality of Testimony.*—If a witness responds to a question asking for the name of a person who fired a shot, in a grand jury investigation as to the identity of a murderer, and he replies by stating that he was not present at that time and did not hear the shots, which in fact was not true, his answer was deceptive and influential and knowingly misleading, with reference to the subject-matter of the inquiry. p. 624.

7. PERJURY.—*Materiality of Testimony.*—*Collateral Matters.*—False testimony adduced in a grand jury investigation need not concern the principal issue to become the subject of perjury; it is sufficient if it concerns a collateral one. p. 625.

8. INDICTMENT.—*Insufficiency.*—*Motion to Quash.*—*Grounds.*—One of the grounds for quashing an indictment under §2065 Burns 1914, Acts 1905 p. 584, is that it does not state the offense with sufficient certainty, and that cannot be urged under the ground that the indictment did not state a public offense. p. 625.

9. CRIMINAL LAW.—*Appeal.*—*Review.*—*Scope.*—Where an appellant did not challenge an indictment in the court below on the ground of uncertainty the appellate court cannot consider the question. p. 625.

State v. Kellis—193 Ind. 619.

From the Clark Circuit Court, *James W. Fortune,* Judge.

Austin Kellis was charged by indictment with perjury. From a judgment sustaining his motion to quash the indictment, the State appealed. *Reversed with instructions.*

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *James J. Bottorff,* for the State.

*Charles A. Hunt* and *L. A. Douglass,* for appellee.

MYERS, J.—An indictment was returned in the Clark Circuit Court, charging appellee with the crime of perjury, under §2375 Burns 1914, (Acts 1905 p. 584). Appellee's motion to quash on the ground that the indictment did not state a public offense was sustained, and the state appeals.

The indictment, in substance, states that a regular organized grand jury in the Clark Circuit Court, while acting in the discharge of its duty of detecting crime within the jurisdiction of that court, and "touching a matter material to the point in question," interrogated appellee, who previously had been then and there sworn as a witness before Homer M. Frank, foreman of the grand jury, pertaining to the killing of one William Sears, which occurred at a road house in Clark county, Indiana, on October 1, 1922. The question propounded to the witness called for the name or names of the person or persons who had fired pistol shots at the road house where and at or about the time William Sears was killed. The indictment then charges that appellee "did then and there unlawfully, wilfully, corruptly, and feloniously swear, that he, the said Austin Kellis, was not at the said road house of the said Al Bunch at the time the said William Sears was so killed; that he did not hear the pistol shots, being the pistol shots inquired

about, and that he had left said road house and had gone to the city of New Albany before any trouble had occurred, whereas, in truth and in fact he, the said Austin Kellis, as he then well knew, was at the road house of the said Al Bunch as aforesaid, and that he did not go to the city of New Albany until after the killing of the said William Sears, and that he knew the name or names of the persons who had fired the pistol shots inquired about."

Appellee takes the position that the indictment in this case is based upon false testimony in answer to a question by the grand jury which was not answered, and that perjury is not committed by silence. His insistence would confine the state to answers responsive to direct questions on the theory that thereby only will the answers be material to the point in question. Perjury, as defined by our statute, is, upon oath or affirmation, to swear or affirm wilfully, corruptly and falsely touching a matter material to the point in question. The testimony must be known to the witness to be false, and must be intended to mislead the court or jury. 2 Wharton, Criminal Law (9th ed.) §1244. Furthermore, the testimony must not only be wilfully false, but it must touch "a matter material to the point in question." So, we may say, if the testimony alleged to be false is of no importance and immaterial, however false, it cannot be made the basis for a charge of perjury, for the reason that it would not touch the point in question. Hence, it is necessary for the state to allege and prove, in cases of the class under consideration, that the testimony or the matter sworn to was material. The fact of materiality must be shown in the pleading and this may be done by either a general allegation of materiality, or it must appear from the facts alleged. *State* v. *Turley* (1899), 153 Ind. 345; *State* v. *Sutton* (1897), 147 Ind. 158.

As a preliminary matter, it may be well to ask: What is meant by "the point in question?" These words form a part of our statutory definition of the crime of

3. perjury. As we understand appellee, he would limit these words to the point indicated by the question alone as put to the witness. We are not convinced that they should be so limited. Hence, we hold that in a grand jury investigation they mean the subject-matter of the inquiry.

It appears from the indictment before us that the point or subject-matter under investigation by the grand jury, and known to appellee when testifying be-

4, 5. fore that body, was, under what circumstances, and who, if any one, killed William Sears. The question shown in the pleading put to the witness was a pertinent one touching a material matter then under investigation, but it was not answered directly. If we were to accept appellee's contention and stop at this point, unquestionably the indictment would be bad. For aught here shown, the question propounded to the witness exhibits inexperience of the inquisitor, or we may say, want of thought in its framing. However, appellee responded to the question thus asked him by stating, in substance, that he was not at the road house at the time Sears was killed; that he did not hear the pistol shots; that he had gone to the city of New Albany before any trouble occurred. At once, the question of the materiality of this testimony presents itself. Mr. Underhill answers as follows: "Whether evidence is or is not material is not to be determined by the effect which it in fact did have on the case but rather by the effect which it could have had, assuming that it were true. Thus, for example, all the testimony by a witness before the grand jury which might legally affect their finding or refusing to find an indictment is material." Underhill, Criminal Evidence, (3d ed.) §681.

The statements by appellee to the effect that he was in New Albany at the time the pistol shots were fired and William Sears was killed were, in effect, a negative answer to the question propounded.

6.

They at least would certainly have a persuasive effect on the further insistence by the grand jury that he answer the question directly. His statements were deceptive. They were influential. They were deceptive, according to the indictment, in that they gave a false account of the witness' whereabouts at the time the pistol shots were fired, thereby tending to mislead the jury as to his knowledge of who fired the shots. They were influential in that they were not unreasonable. They were matters within his knowledge, and, if false, they tended to furnish a shield to the identity of those who fired the shots.

Appellee knew that the question by the grand jury called for information material to the issue under investigation. He knew from common knowledge that the city of New Albany was the county seat of Floyd county, and not in the immediate vicinity of the place where the pistol shots were fired and the killing occurred. He knew that if the grand jury accepted these statements as true, he would avoid a direct answer to the question, which was not in keeping with his oath to tell the truth and the whole truth.

Appellee's statements, although voluntary, were made before the grand jury under the solemnity of an oath to speak the truth, and for their known falsity as to a material matter, he must be held to the same degree of culpability as though his statements were made in answer to direct questions.

4.

In *State* v. *Wilson* (1901), 156 Ind. 343, it was said: "If a witness, with an intention to deceive the jury or court trying a cause, swears so as to make an impression on their minds that a fact material in the case is

different from what it really is, and from what he knows it to be, he is guilty of perjury."

Furthermore, appellee insists that the uncalled for statements made by him were aside from the question asked and therefore purely collateral matters.

7. We cannot accept this contention, for the reason that it has its source in the thought that the word "point" in the statute must be regarded as the particular item of evidence intended to be brought out by the question, or if he intends to say that his statements were collateral to the point under investigation, although we think otherwise, it has been said: "The testimony need not concern the principal issue; it is sufficient if it affects only a collateral one." *State* v. *Wilson, supra,* p. 346.

Lastly, appellee suggests the thought, if we understand him correctly, that the indictment in this case does not state the offense with sufficient certainty. This is one of the grounds which may be urged in support of a motion to quash. §2065 Burns 1914, Acts 1905 p. 584. However, appellee did not challenge the indictment in the court below for want of certainty. Hence, that question is not before us for consideration.

Judgment reversed, with instructions to the court below to overrule appellee's motion to quash, and for further proceedings not inconsistent with this opinion.