PORTER v. STATE OF INDIANA.

[No. 30,477. Filed October 13, 1965.]

Floyd E. Wadsworth, of Shoals, and Mellen & Mellen, of Bedford, for appellant.

Edwin K. Steers, Attorney General, and David S. Wedding, Deputy Attorney General, for appellee.

MYERS, J.—This is an appeal from a judgment of the Daviess Circuit Court wherein appellant was accused and convicted of perjury. The issues were formed by an amended affidavit charging appellant with the crime of perjury and appellant's plea of not guilty thereto, the same having been entered after the court had overruled appellant's motion to quash the amend-

ed affidavit. The cause was tried before a jury which brought in a verdict of guilty. Appellant was sentenced to the Indiana State Prison for a term of not less than one year nor more than ten years. A motion for new trial was duly filed and overruled by the court. This appeal followed.

Appellant assigns as error the following grounds:

"1. That the Court erred in overruling Appellant's motion to quash the amended affidavit filed against him in this cause.

"2. That the Court erred in overruling the Appellant's motion for a new trial.

"3. That the Court erred in overruling the Appellant's written objection to the rendition of the judgment herein."

In Specification No. 1 of the Argument as set forth in his brief, appellant claims the trial court erred in overruling his motion to quash the amended affidavit.

The statute on perjury provides as follows:

"Whoever, having taken a lawful oath or affirmation in any matter in which, by law, an oath or affirmation, may be required, shall, upon such oath or affirmation, swear or affirm wilfully, corruptly and falsely touching a matter material to the point in question, shall be deemed guilty of perjury, and, on conviction, shall be imprisoned in the state prison for not less than one [1] nor more than ten [10] years." Section 10-3801, Burns' Ind. Stat., 1956 Replacement.

The statute concerning the indictment or affidavit for perjury is as follows:

"In an indictment or affidavit for perjury or subornation of perjury, it shall be necessary to set forth only the substance of the controversy or the matter in respect to which the crime was committed, and in what court or before whom the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer it, with the proper

averments to falsify the matter whereof the perjury may be assigned, without setting forth any part of any record or proceeding, or the commission or authority of the court or other authority before which the perjury was committed. And in an indictment or affidavit for perjury in swearing to any written instrument, it shall only be necessary to set forth that part of the instrument alleged to have been falsely sworn to, and to negative the same, with the name of the officer or court before whom the instrument was sworn to." Section 9-1116, Burns' Ind. Stat., 1956 Replacement.

The body of the amended affidavit which appellant attacks reads as follows:

"Horace R. Ham being duly sworn upon his oath states that he is informed and verily believes that on the 30th day of January, 1962, at and in the County of Daviess, State of Indiana, before Marshall Jett, then and there Justice of Peace in and for Washington Township in said County, duly elected and qualified and commissioned, a certain misdemeanor was then and there pending against Thomas A. Porter, wherein he was discharged with disobeying a stop sign on Highway 45, and a certain misdemeanor wherein Gladys J. Porter was charged with reckless driving on Highway 645, and each of said defendants having entered a plea of not guilty to said charges, such charges were then and there pending before said Marshall Jett as such Justice of Peace, and was there tried in due form of law; that upon the trial of said causes, Thomas A. Porter appeared as a witness for and in behalf of the said Gladys J. Porter and Thomas A. Porter, and he was then and there duly sworn by the said Marshall Jett as such Justice of Peace, as a witness, and examined in the said cause, the said Marshall Jett, as Justice of Peace, then and there having full power and complete authority to administer the said oath to the said Thomas A. Porter in a trial of this nature; that upon the trial of said cause it became material to the said issues to inquire whether the said Robert Dale Walker was proceeding north on Highway 45 at a point immediately north of its intersection of Highway 645 in the

County of Daviess, State of Indiana, on the 5th day of January, 1962, and did then and there meet a southbound car occupied by Gladys J. Porter and Thomas A. Porter, and that there upon the said Thomas A. Porter, then and there being so sworn as witness as aforesaid, and having then and there taken a lawful oath in the said judicial proceedings where an oath or affirmation was by law required, did then and there on the trial of said causes before the said Justice of Peace, as aforesaid, knowingly, feloniously, wilfully, corruptly and falsely, and in a matter material to the trial of said charge, swear and testify in substance among other things, that the said Robert Dale Walker was proceeding north on Highway 45 in said county and state on the 5th day of January, 1962, whereas in truth and in fact the said Thomas A. Porter then and there knew the said Robert Dale Walker was in Lafayette, Indiana, on the 5th day of January, 1962, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Indiana."

Appellant raises some technical objections concerning omissions in the allegations as to exact dates, locations on the highways and as to where Walker was on the particular day with relevance to the highways involved. We do not deem these to be pertinent or relevant to the issues.

It is claimed that the affidavit is defective because the proper statutory words regarding materiality were not used, and that the materiality of the false statement was not clearly shown. The statutory words regarding materiality consist of taking an oath corruptly and falsely "touching a matter material to the point in question." The affidavit uses the language "in a matter material to the trial of said charge."

It has been held that a charge of perjury does not need to follow the exact language of the statute;

that substantial compliance with the statute is sufficient. *Maddox* v. *State* (1938), 213 Ind. 537, 12 N. E. 2d 947. In our opinion, the wording of the affidavit was tantamount to the wording of the statute, and so there was substantial compliance.

As to whether the materiality of the false statement was clearly shown by the language of the affidavit, we come to the rule followed in this state that materiality may be pleaded by a general averment. *State* v. *Dunn* (1932), 203 Ind. 265, 180 N. E. 5. This is sufficient unless the facts alleged show as a matter of law that the false statement was not material to the issue. *State* v. *Dunn, supra,* at p. 273 of 203 Ind. Such is not the case here. Therefore, the general allegation of materiality was sufficient. *State* v. *Kellis* (1923), 193 Ind. 619, 141 N. E. 337.

In appellant's Specification No. 2 of the Argument, he claims that certain rulings of the trial court having to do with objections and exceptions on the admission of evidence constituted error. These were presented verbatim in the motion for new trial. While asserting that these rulings violated the basic rules of evidence, no argument or citation of authorities in support thereof is set forth. Thus, all points under this specification are waived and are not subject to consideration. Supreme Court Rule 2-17 (e, f) ; *Baker* v. *State* (1964), 245 Ind. 129, 195 N. E. 2d 91; *Packwood et al.* v. *State* (1963), 244 Ind. 585, 193 N. E. 2d 494; *Butler* v. *State* (1964), 244 Ind. 620, 193 N. E. 2d 899.

It is contended in Specification No. 3 that the verdict was not sustained by sufficient evidence and was contrary to law. There are a few ground rules which we are obliged to follow in considering these points.

On appeal, only the evidence most favorable to the State, together with all reasonable and logical in--

ferences, will be considered. *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537.

In *Byrd v. State* (1962), 243 Ind. 452, 456, 185 N. E. 2d 422, 424, this court stated:

"However, few rules of appellate procedure are more firmly established than this, that it is not within the province of this court, as a court of review, to weigh the evidence, whether it be direct or circumstantial. We may not say that the jury was obliged to believe or disbelieve the testimony of the appellant which was adverse to the verdict. If the verdict is supported by evidence of probative value, it is not for this court to determine whether it establishes the guilt. of the defendant beyond a reasonable doubt, nor is it for this court to determine whether, in proving such guilt, the evidence excludes every hypothesis to the contrary. This is the responsibility of the jury and the trial court. This court may only determine whether there was substantial evidence of probative value from which the jury could have inferred that the appellant was guilty of the offense charged."

This case is based upon an intentionally-false statement given under oath in the trial of two traffic misdemeanor cases tried before a Justice of the Peace. Appellant was charged on January 5, 1962, with disobeying a stop sign on State Highway 45 in Daviess County. His wife, Gladys, was charged with reckless driving on Highway 645. Both cases were consolidated for trial which took place in the Justice of the Peace Court on January 30, 1962. The principal issue was whether appellant or his wife was the actual driver of the car.

The arresting officer, State Trooper Horace Ham, testified that he was in the Justice of the Peace Court on January 30, 1962, and gave testimony as a witness wherein he said that appellant was driving the automobile. He further stated that in the course of the

trial, he heard appellant testify under oath that he saw one Robert Dale Walker on January 5, 1962, driving an automobile south of Farland on State Road 45 at or near the intersection of Highway 645 which goes into Burns City and waved to him.

Walker stated that he took the witness stand and corroborated appellant by testifying under oath that he saw appellant on that day and that appellant was not driving the car.

The Justice of the Peace testified that appellant, under oath, had stated on January 30, 1962, that he was not driving the car but his wife was; that he passed Walker on January 5, 1962, just prior to the time the State Trooper stopped appellant and his wife. The Justice of the Peace also confirmed the testimony given by Walker to the effect that appellant's wife was driving the car and not appellant. As a result of this testimony, appellant was acquitted in the Justice of the Peace Court of disobeying a stop sign.

Following this decision, the State Trooper made an investigation which subsequently revealed that Walker was not on Road 45 on January 5, 1962, but was working in Lafayette on that day. The evidence of this fact was undisputed, as both the State Trooper and Walker, himself, testified to this in the perjury trial. Walker said that he was a friend of thirty years' standing of appellant; that prior to the trial before the Justice of the Peace on January 30, 1962, appellant told Walker to testify that he, Walker, had met him on the highway on January 5, 1962; that he did so when, in fact, he was in Lafayette working for his employer there. It is to be noted the record reveals that Walker was indicted by the Daviess County Grand Jury for perjury on March 13, 1962, as the result of his false testimony given in the Justice of the Peace

Court. He pleaded guilty to the charges in the Daviess Circuit Court and was sentenced to the Indiana State Prison for not less than one nor more than ten years. This sentence was suspended and he was placed on probation for one year.

It can be determined that there was sufficient evidence, together with reasonable inferences, that appellant swore falsely under oath when he testified that he saw and passed Walker on Highway 45 in Daviess County on January 5, 1962, when, in fact, Walker was never there and appellant knew it. This was a question to be decided by the jury and it was decided adversely to appellant. As we have previously stated, we will not weigh the evidence, but will only examine that most favorable to appellee to see if there is any evidence of probative value to support the finding of the trial court. Such examination convinces us that there was sufficient evidence of probative value from which the jury could have found appellant guilty as charged. *Pendleton* v. *State* (1959), 239 Ind. 341, 156 N. E. 2d 782.

The statute requires that the false statement under oath must touch a matter material to the point in question. Here the point in question was whether appellant was driving the car which ran a stop sign. His false statement concerning Walker lent credence to Walker's subsequent statement that appellant was not driving. As a direct result of appellant's false statement, Walker's credibility on the principal issue was strengthened in the eyes of the Justice of the Peace. It also created a false inference that Walker would corroborate appellant's contention that he was not driving. There was evidence of direct intention to produce this impression on the Justice of the Peace, and it succeeded, for, after Walker's testimony, the Justice of the Peace admitted he relied on this combined testi-

mony to acquit appellant of the misdemeanor charge. Appellant's false statement touched a matter material to the point in issue. Thus, the statutory elements for perjury are satisfied.

Due to the fact that there was substantial evidence of a conflicting nature introduced in the trial of this cause, the verdict will not be disturbed as being contrary to law. *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727.

In Specification No. 4, appellant contends that the trial court lost jurisdiction to render judgment in this case as it failed to pronounce judgment during the term in which the verdict was returned. The Daviess Circuit Court January, 1963, Term ended March 31, 1963, and the April Term commenced April 1, 1963. On March 7, 1963, the jury's verdict of guilty was returned, and on that day the court ordered a presentence investigation, withholding judgment on the verdict pending such investigation. On April 8, 1963, the presentence investigation report was filed. On April 13, 1963, the court pronounced judgment.

It has been held by this court that trial courts may defer final action temporarily upon a conviction to a subsequent day or term when it appears that the interest of justice demands it or for cause shown. *Smeltzer* v. *State* (1962), 243 Ind. 437, 185 N. E. 2d 428. The statutes require a postponement of sentence until a written precommitment report has been prepared by a probation officer and submitted to the court for its consideration. Burns' Ind. Stat. §9-2252, 1956 Replacement (Supp.). This postponement in rendering judgment was not unreasonable even though it ran into another term of court. The precommitment report is mandatory and possibly could have been favorable to appellant. There was no error committed by the

trial court in so deferring judgment. It did not lose jurisdiction therefore.

Judgment affirmed.

Achor, Arterburn and Landis, JJ., concur.

Jackson, C. J., concurs in result.

NOTE.—Reported in 210 N. E. 2d 657.