CHARLES ZORDANI *v.* STATE OF INDIANA

[No. 3-776A164. Filed January 16, 1978. Rehearing denied February 16, 1978. Transfer denied March 19, 1979.]

*Max Cohen, Cohen and Thiros*, of Gary, for appellant.

*Theodore L. Sendak*, Attorney General, *Susan J. Davis*, Deputy Attorney General, for appellee.

GARRARD, J. — Appellant Zordani was convicted of perjury in connection with bidding documents submitted to the East Chicago Park and Recreation Board. On appeal he asserts the indictment did not state facts sufficient to constitute the offense; the verdict was not sustained by the evidence; and that he was not represented by competent counsel at trial. We find no merit to these contentions. We therefore affirm.

Zordani was indicted under IC 35-1-90-1 which provides:

"Whoever, having taken a lawful oath or affirmation in any matter in which, by law, an oath or affirmation may be required, shall, upon such oath or affirmation, swear or affirm wilfully, corruptly and falsely touching a matter material to the point in question, shall be deemed guilty of perjury, and, on conviction, shall be imprisoned in the state prison for not less than one [1] nor more than ten [10] years."

The basis for the indictment arises from the provisions of IC 5-16-1-2 which require that bidders for public works projects costing more than $5000 submit a sworn statement of their experience, the proposed plan for performing the work, the equipment they have available for the work and a financial statement. Zordani was convicted of Count II of the indictment which alleged that in answer to the question "What projects has your organization completed?" contained in the "Standard Questionnaires and Financial Statement for Bidders" prescribed by the State Board of Accounts, he had unlawfully, wilfully and corruptly made false answers.

## I.   The Indictment

Appellant's brief does not aver nor does the record disclose that a motion to dismiss ever filed to attack the sufficiency of

the indictment. Accordingly, no such issue is presented for our review. IC 35-3.1-1-4; *Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841.[1]

## II. Sufficiency of Evidence

Zordani asserts the evidence was insufficient to permit findings (a) that he took an oath; (b) that the false statement was material; and, (c) that he had an intent to deceive.

State's Exhibit 3 was the standard questionnaire. It was executed by Zordani. Immediately below his signature was a jurat executed by Lori Wohadlo, a notary public, which stated:

> "Charles J. Zordani being duly sworn, deposes and says that he is owner of the above Metro Construction Company and that the answers to the questions in the foregoing questionnaires and all statements contained therein are true and correct."

Wohadlo was Zordani's secretary.

Zordani premises his first point upon the fact that at trial Ms. Wohadlo testified that she did not actually administer an oath. This assertion, however, merely raises a question of credibility. The jury could well have determined that the jurat spoke the truth. We will not second guess such determinations on appeal.

Zordani's argument that the state failed to prove the materiality of the false statements is also specious. It is premised upon the assertion that there was no evidence that the Park and Recreation Board relied upon the answers to the questionnaire or even looked at them. That, however, is not the significant point.

The statute under which the questionnaire is required, IC 5-16-1-2, establishes the materiality of the questions presented,

> ". . . for the purpose of enabling such board, commission, trustee, officer or agent to ascertain and determine which of the bidders submitting bids . . . is . . the lowest and/or best bidder and to exercise intelligently the discretion hereby conferred. . . ."

Clearly the extent and type of a contract bidder's prior experience are material to the determination of whether he is the

---

1. In view of our discussion concerning the materiality of a bidder's experience and qualifications, the indictment was, in fact, sufficient under the requirements of *Porter v. State* (1965), 246 Ind. 701, 210 N.E.2d 657.

best bidder for the award of a contract. *See Broomes v. City of East Chicago* (1976), 168 Ind. App. 348, 342 N.E.2d 893. The number and type of prior projects alone are helpful. In addition, they furnish a list of references regarding quality of work and problems that may be encountered.

Furthermore, it is unnecessary to sustain the charge to establish that the Board indeed scrutinized the documents or relied upon the false statements in awarding the contract. It is sufficient that a false statement is made regarding a material matter and that the false statement is reasonably calculated to mislead the Board in determining who is the best bidder. *Richardson v. State* (1971), 255 Ind. 655, 266 N.E.2d 51; *Davis v. State* (1941), 218 Ind. 506, 34 N.E.2d 23; *State v. Wilson* (1901), 156 Ind. 343, 59 N.E. 932.

Finally, the jury could well have inferred the necessary intent since the evidence supported reasonable inferences that Zordani made false statements about the prior project experience of Metro Construction Company; that he knew the statements were false; and that they were reasonably calculated to deceive the Board upon the material question of Metro's ability and experience.

### III.   Incompetent Counsel

In his remaining assignment Zordani accuses his trial attorney of incompetence. In support he then details a number of "specifications." The facially most serious specification is that prior to trial Zordani's attorney did not discuss with him the feasibility of calling witnesses to aid in the defense and that the attorney simply told Zordani it would not be necessary for him to testify although he could have explained the falsifactions so as to negative felonious intent. These assertions are supported by Zordani's testimony at the hearing on the motion to correct errors. However, counsel apparently overlooked the fact, since it is not mentioned in appellant's brief or in the index to the transcript, that having been released from his obligation of confidentiality by the allegations of incompetent representation, Zordani's trial counsel was free to respond. He did so by affidavit filed in opposition

to the motion to correct errors in which he asserted full and complete discussion with the defendant as to both the facts involved and the strategy to be employed at trial. Needless to say, it is not our function to reassess the trial court's determination of credibility.

However, one point does bear mentioning. As with an accused's election to testify, witnesses called in his behalf are subject to cross-examination by the state. Many times this requires a strategy determination balancing the potential benefit from the favorable testimony against potentially adverse evidence that may be revealed. Where the actions of counsel in filing motions, objecting to evidence or presenting evidence are fairly subject to differing opinion among experienced lawyers as to necessity or desirability in the overall strategy to be employed in representing the client, a charge of incompetent representation will not be sustained upon the choice in fact made. It would serve no worthwhile purpose to specifically detail the other specifications raised by Zordani. Some represent choices in strategy, some are simply not well taken, a few might represent errors in judgment. They do not, however, taken individually or as a whole, disclose that the trial was a mockery, nor do they shock the conscience of the court. Indeed it appears that an informed strategy determination was made on how to present the case and that within the confines of that determination the case was vigorously tried. The allegation of incompetent counsel must therefore fail. *Roberts v. State* (1977), 266 Ind. 72, 360 N.E.2d 825.

Affirmed.

Hoffman, J. and Buchanan, J. (sitting by designation) concur.

NOTE—Reported at 371 N.E.2d 396.