STATE of Indiana, Plaintiff-Appellant,

v.

Thomas E. DOYLE, Jr., Defendant-Appellee.

No. 19A01–8607–CR–185.

Court of Appeals of Indiana, First District.

Feb. 5, 1987.

Rehearing Denied Mar. 18, 1987.

Daniel M. Steiner, Pros. Atty., Washington, for appellant.

Keith G. Hedinger, Jasper, for appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, State of Indiana (State), appeals the denial of its petition to revoke the suspended sentence of defendant-appellee, Thomas E. Doyle, Jr. (Doyle).

We dismiss the appeal on the basis of standing.

## STATEMENT OF THE FACTS

After a trial by jury, Doyle was convicted of fifteen counts of theft, comprising five counts under each of three statutory definitions of theft: IND.CODE 35–17–5–3(1)(a), –3(1)(b), and –4(1976). On January 21, 1982, Doyle was sentenced by Dubois Circuit Court Judge Joseph Verkamp. The sentencing order reads in pertinent part as follows:

> "The court now sentences the deft to the Indiana Dept. of Corrections for a period of 1 to 10 years and suspends all of said commitment on the condition that the deft repay to the North Daviess Community School Corp. the sum of $58,900, said restitution to bear interest at the rate of 12% from this date until paid. The court further imposes a fine of $5,000 and costs under Count I of the Indictment and orders that the deft pay court costs on Counts 2 through 15 of the Indictments. The deft is ordered to make restitution in the minimum sum of $10,000 annually and further that the fine and costs be paid by Dec. 31, 1982."

*Record* at 9.

On direct appeal, this court affirmed Doyle's convictions on counts six through ten, but reversed his convictions on counts one through five, and eleven through fifteen. *See Doyle v. State* (1984), Ind.App., 468 N.E.2d 528, *trans. denied.* A recitation of the facts underlying Doyle's convictions can be found in Judge Young's majority opinion and we will not repeat them here. *See id.* at 531–32.

On September 3, 1985, the State filed its Petition to Revoke Suspended Sentence, on the basis that Doyle had not made any restitution. A hearing on the petition was held before Judge Hugo Songer, who had been elected in 1984 to replace the now-retired Judge Verkamp. Judge Songer entered his order overruling the State's petition on November 19, 1985. In the order, Judge Songer noted that a transcript of the sentencing hearing, which might have clarified any ambiguity in Doyle's sentence, was unavailable. Judge Songer then found that Judge Verkamp's imposition of one to ten years of imprisonment, the order of restitution in the amount of $58,900.00, and the fine of $5,000.00 plus costs applied to count one only. Since Doyle's conviction on count one was one of those reversed on appeal, the court concluded that the sentence was no longer in effect. The court then ordered Doyle to pay court costs on counts six through ten. From the overruling of its petition, the State appeals.

## ISSUE

The parties raise several issues for our review. However, we do not reach those issues because of our determination that the prosecuting attorney has no standing to bring the instant appeal.

## DISCUSSION AND DECISION

The State, represented by the prosecuting attorney for the 49th Judicial District, appeals the denial of its petition to revoke Doyle's suspended sentence. However, by statute, the attorney general has the exclusive responsibility to represent the State in all criminal cases before this court or the supreme court. IND. CODE 4-6-2-1. In *State v. Market* (1973), 158 Ind.App. 192, 302 N.E.2d 528, this court engaged in a detailed examination of the respective duties of the attorney general and prosecuting attorneys. After comparing the statutes and case law of Indiana with similar statutes and the interpretive case law of eleven other states, the court held that a prosecuting attorney has no authority alone to appeal criminal cases. *Id.* at 203, 302 N.E.2d at 534. Therefore, the prosecuting attorney lacks standing to bring this appeal.

Because the prosecuting attorney lacks standing, we are without jurisdiction to address the issues presented. Although not raised by Doyle, it is inherently within the power of this court to raise the issue of standing, sua sponte. *State Department of Public Welfare v. Bair* (1984), Ind.App., 463 N.E.2d 1388, *trans. denied; Rice v. Cooperative Finance Co.* (1983), Ind.App., 452 N.E.2d 171. Absent the requisite standing, we cannot entertain this appeal. Accordingly, it is dismissed.

Appeal dismissed.

ROBERTSON and BUCHANAN, JJ., concur.