STATE of Indiana, Plaintiff–Appellant,

v.

Mike FIELDS, Defendant–Appellee.

No. 82A01–8804–CR–108.

Court of Appeals of Indiana, First District.

Aug. 24, 1988.

Wayne S. Trockman, Newman, Trockman, Lloyd, Flynn & Rheinlander, Evansville, for defendant-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

The State of Indiana (State) appeals the decision of the Vanderburgh Circuit Court dismissing a two count Information for perjury and assisting a criminal filed against defendant-appellee, Mike Fields (Fields).

We affirm.

## STATEMENT OF THE FACTS

A grand jury was impaneled in Vanderburgh County for the stated purpose of conducting an investigation into allegations concerning the receipt of stolen property by members of the Evansville Fire Department at Hose House Number One. In September of 1987 Fields, a fireman at Hose House Number 15, was subpoened and gave testimony before the grand jury. The deputy prosecuting attorney commenced the relevant portion of the examination of Fields with the following statement and question:

> Q. OK, we didn't talk about this earlier but I don't think it will change anything. What about the use of marijuana? Did you ever hear about that taking place on your shift?

*Record* at 71A. Fields answered questions concerning his knowledge of the use of marijuana or other drugs on his shift by himself or other firemen at the hose houses with a simple answer of "no" or "no sir." Thereafter he was indicted for perjury. The indictment reads as follows:

> Count I: Perjury
>
> The Grand Jurors of the County of Vanderburgh and State of Indiana, upon their Oaths, present and charge that MIKE FIELDS on or the 16 day or the 23rd day of September, 1987 at said County: made a false material statement under oath or affirmation, to-wit: that he had never smoked marijuana at Hose House # 1, knowing the statement to be false, all in violation of I.C. 35–44–2–1.

*Record* at 5. Fields was also indicted for assisting a criminal as follows:

Count II: Assisting a Criminal

The Grand Jurors for the County of Vanderburgh and State of Indiana, upon their Oaths, present and charge that MIKE FIELDS on or about the 9th day of August A.D., 1987 at said County: did assist Don Crecelius, knowing the said Don Crecelius had committed theft, a Class D felony, with the intent to hinder the apprehension of the said Don Crecelius by warning the said Don Crecelius that law enforcement officers may be surveilling him, while the said Don Crecelius was purchasing property he believed to be stolen and further the said Mike Fields did touch Willie Henderson in an attempt to discover an electronic transmitter on the body of the said Willie Henderson, the said Mike Fields not then standing in the relation of parent, child or spouse to the said Don Crecelius, all in violation of I.C. 35–44–3–2(1).

*Record* at 6.

The trial court granted Fields's motion to dismiss Count I on the grounds that the indictment did not state an offense because the testimony alleged to be false was immaterial to the investigation of receiving stolen property by firemen at Hose House Number One, and therefore could not be made a basis for a charge of perjury. The court granted the motion to dismiss Count II because:

5. The Indictment states only that Mike Fields warned Don Crecelius of the possible police surveillance of him and the attempt by Mike Fields to discover an electronic transmitter on Willie Henderson by touching him. The indictment does not specify in what manner Mike Fields hindered the apprehension or punishment, or harbored or concealed or otherwise assisted Don Crecelius. At best, the Indictment merely alleges that Mike Fields hindered the commission or completion of a crime.

*Record* at 66.

The sole issues presented by this appeal are the correctness of the trial court's rulings.

## DISCUSSION AND DECISION

### Count I: *Perjury*

Perjury is defined in IND.CODE 35–44–2–1, which states in pertinent part as follows:

(a) A person who:

(1) *Makes a false, material* statement under oath or affirmation, knowing the statement to be false or not believing it to be true; ... commits perjury, a Class D felony. (Emphasis added.)

The State argues that the indictment sufficiently sets out all of the elements of the offense including the materiality element, and it was denied the opportunity to prove it in court. It argues that a bare allegation of materiality is sufficient to withstand a motion to dismiss.

■ A motion to dismiss may be supported by material outside the pleadings. IND.CODE 35–34–1–8 provides that a motion to dismiss may be supported by affidavits or documentary evidence and the court may even conduct a hearing, but the defendant has the burden of proving every fact essential to support the motion by a preponderance of the evidence.

■ Materiality is conceded to be an essential element of the offense of perjury as set forth in IND.CODE 35–44–2–1. *Porter v. State* (1965), 246 Ind. 701, 210 N.E.2d 657; *Davis v. State* (1941), 218 Ind. 506, 34 N.E.2d 23; *Maddox v. State* (1938), 213 Ind. 537, 12 N.E.2d 947. It has also been held that materiality may be pleaded by a general averment thereof unless the facts alleged show as a matter of law that the false statements were not material to the issue. *Id.* The issue of materiality is an issue for the court to decide as a matter of law. *Wilke v. State* (1986), Ind.App., 496 N.E.2d 616.

■ Materiality is defined as that which is reasonably calculated to mislead an investigation, or has a natural effect or tendency to impede, influence, or dissuade a grand jury from pursuing its investigation. *Id.* The question must relate to the subject

matter of the investigation. *State v. Kellis* (1923), 193 Ind. 619, 141 N.E. 337. The materiality requirement is not limited to trials but has been considered applicable to grand jury proceedings, *Richardson v. State* (1971), 255 Ind. 655, 266 N.E.2d 51; *Kellis, supra,* to sworn statements made to police, *Wilke, supra,* and to sworn responses to questionnaires submitted by bidders for public works projects. *Zordani v. State* (1978), 175 Ind.App. 297, 371 N.E.2d 396.

■ The trial court could, and did, consider material outside the pleadings which disclosed that the grand jury was called for the purpose of investigating the receipt of stolen property by firemen at Hose House Number One. The State does not deny this. We fail to perceive how the use of marijuana is material to the allegations which were the subject of the investigation. Even the deputy prosecuting attorney did not think so as he indicated in the question set forth in the statement of facts. The State in its brief does not attempt to show how it was material or how it would support the charge of receiving stolen property. Because the trial court could and did receive material outside the pleadings pursuant to the motion to dismiss showing the alleged false statement was not material, the State was no longer entitled to rely on a bare allegation of materiality. The court did not err in sustaining the motion to dismiss under the procedural position of this case.

■ However, we are constrained to make certain qualifying statements to our holding. IND.CODE 35–34–2–2(a) contains the following language:

A grand jury shall hear and examine evidence concerning crimes and shall take action with respect to evidence as provided by law.

IND.CODE 35–34–2–3(g) states:

If a member of the grand jury has reason to believe that an offense has been committed which is triable in the county, he may report this information to his fellow jurors, who may then investigate the alleged offense.

IND.CODE 35–34–2–3(e) requires an oath to be taken by a grand juror that they:

will diligently inquire and make true presentment of all offenses committed or triable within this county, of which [they] have or can obtain legal evidence[.]

A special grand jury has the same power as a regular grand jury. IND.CODE 35–34–2–14.

It was stated in *State v. Turley* (1899), 153 Ind. 345, 55 N.E. 30.

The duty of the grand jury is to "diligently inquire," to obtain "legal evidence," to discover and detect crime, and for that purpose they have the right to interrogate witnesses concerning all matters which may tend to accomplish that result. It is evident that the grand jury in making the investigation, required by law, may require witnesses to testify concerning matters not admissible on the trial of a cause.

It is true that an indictment should be returned upon "legal evidence", but the grand jury may require witnesses to answer questions tending to show where and from whom they may obtain such evidence. All such testimony before the grand jury is therefore "touching a matter material to the point in question."

153 Ind. at 347, 55 N.E. at 30. A prosecuting attorney is invested with discretion with respect to the cases he will call to the grand jury's attention. *Hale v. Henkel* (1906), 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; *State ex rel. Pollard v. Marion Superior Court* (1975), 263 Ind. 236, 329 N.E.2d 573. This latter case adopted the holdings in *Turley* and *Hale.*

■ From the above authorities it is clear that a grand jury is not limited by the rule of materiality to actions on the particular purposes for which it was called, but its inquiry can follow a wide range of subjects or crimes within its jurisdiction. False statements made to it concerning the additional subjects it chooses to pursue may be punished by a charge of perjury. However, the State must make some indication on the record that it is pursuing such additional lines of inquiry. This conclusion is indicated by IND.CODE 35–34–2–5 which

requires that subpoenas contain a statement of the general nature of the inquiry and sets forth the advisements that must be given to target witnesses. Such was not done here. The broad power of the grand jury to inquire into all crimes was never invoked here nor does the State argue that it was.

Count II: *Assisting a Criminal*

■ IND.CODE 35–44–3–2(1), the statute defining the offense, states as follows:

A person not standing in the relation of parent, child or spouse to another person who has committed a crime or is a fugitive from justice who, with intent to hinder the apprehension or punishment of the other person, harbors, conceals or otherwise assists the person commits assisting a criminal, a Class A misdemeanor. However, the offense is: (1) a Class D felony if the person assisted has committed a Class B, Class C or Class D felony.

In *Moore v. State* (1983), Ind.App., 445 N.E.2d 576, 578, we said:

Generally, the crime of assisting a criminal was "intended to cover the situation where a person did not actively participate in the crime itself but *after* the commission of the crime aided the criminal." (Emphasis added.)

*Moore* quoted a portion of a statement made by our supreme court in *Smith v. State* (1982), Ind., 429 N.E.2d 956.

It is clear on the face of the information itself that whatever was done was done prior to or during the commission of the offense of receiving stolen property. Although the possibility exists that Fields could be charged as an accessory or principal for his activities, the offense does not fit the assisting a criminal statute.

For the reasons stated above, this cause is affirmed.

Judgment affirmed.

RATLIFF, C.J., and STATON, J., concur.