**STATE of Indiana, Plaintiff–Appellant,**

v.

**Don CRECELIUS, Defendant–Appellee.**

**No. 82A01–8807–CR–219.**

Court of Appeals of Indiana,
First District.

Dec. 20, 1988.
Rehearing Denied March 15, 1989.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

Theodore Lockyear, James A. Kornblum, Lockyear & Kornblum, Evansville, for defendant-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

The State of Indiana (the State) appeals the decision of the Vanderburgh Circuit Court dismissing a two count indictment for promoting prostitution and perjury filed against defendant-appellee, Don Crecelius (Crecelius).

We affirm in part, reverse in part.

## STATEMENT OF THE FACTS

A grand jury was impaneled in Vanderburgh County for the stated purpose of conducting an investigation into allegations concerning the receipt of stolen property by members of the Evansville Fire Department at Hose House Number One. In September of 1987 Crecelius was subpoenaed

1. In its reply brief, the State points out that it may be necessary to remand this cause to the trial court because the purported judgment from which it is appealing may not have been entered by a judge. We note that throughout, the proceedings were conducted by Robert S. Matthews, Master Commissioner of the Vanderburgh Circuit Court. He was the presiding court official and entered most of the rulings described above. Specifically, the record indicates he made the ruling dismissing both counts of the indictment on February 22, 1988, in his capacity as Master Commissioner. However, a

and gave testimony before that grand jury. Pursuant to his testimony and the testimony of others, the grand jury returned a two count indictment against Crecelius on September 24, 1987. In Count I Crecelius was charged with promoting prostitution, a Class C felony. In the second count to the same indictment Crecelius was charged with perjury, a Class D felony. The indictment for perjury was based on Crecelius's testimony before the grand jury that he had no knowledge of any acts of prostitution performed at Hose House Number One. On November 12, 1987, Crecelius filed a motion to dismiss both counts of the indictment. Following a hearing on the motion held February 9, 1988, the matter was taken under advisement. Crecelius's motion to dismiss was granted on February 22, 1988. Likewise, on that date the trial court issued its findings of fact and conclusions of law. The trial court dismissed Count I of the indictment on the basis that a prospective witness must be advised of the general nature of a grand jury's inquiry prior to testifying and the State failed to properly designate the nature of the grand jury investigation. The trial court dismissed Count II of the indictment for the reason that the testimony alleged to be false was immaterial to the investigation of receiving stolen property by firemen at Hose House Number One, and therefore could not be made the basis of a charge of perjury. A formal judgment entry dismissing both counts of the indictment was issued and filed in the trial court on May 3, 1988.[1] The State subsequently instituted this appeal.

## ISSUE

This appeal presents the following issue for our review:

formal entry of judgment reiterating his February 22 ruling was filed on May 3, 1988. This judgment was signed by Matthews but designated that he was a special judge. The record is silent as to whether in the interim Matthews had in fact been appointed special judge to enter judgment on his earlier ruling and neither party has given us anything to contradict his apparent authority to do so. On the basis of the record before us, therefore, we will assume that the March 3 entry was entered by Matthews in his proper capacity as special judge and that there exists a final binding judgment.

Whether the trial court erred in dismissing both counts of the two count indictment filed against Crecelius.

## DISCUSSION AND DECISION

In his brief Crecelius raises two preliminary issues on appeal. Crecelius first contends that this cause should be summarily affirmed because the appeal was initiated by the Vanderburgh County prosecutor rather than by the office of the attorney general. He argues that the prosecutor lacks standing to initiate the appeal, and therefore we are without jurisdiction to address the issues presented. In support of this claim he cites *State v. Doyle* (1987), Ind.App., 503 N.E.2d 449.

This issue was first addressed in a detailed fashion in *State v. Market* (1973), 158 Ind.App. 192, 302 N.E.2d 528. After examining the duties of both the attorney general and prosecuting attorneys and comparing the statutes and case law of Indiana with similar statutes and interpreting case law of 11 other states, this court held that a prosecuting attorney has no authority *alone* to appeal criminal cases. *Id.* at 203, 302 N.E.2d at 534. *Market* was cited with approval and was the basis of the decision in *Doyle*. These cases do not forbid a prosecuting attorney from initiating an appeal in a criminal case, however. Rather, they forbid a prosecuting attorney from appealing a criminal case *alone*. A prosecuting attorney has the authority to appeal a criminal case with the consent of or in conjunction with the attorney general. *See Market, supra.*

In neither *Market* nor *Doyle* did the office of the attorney general consent to or act in conjunction with the prosecuting attorney in bringing the criminal appeal. In the case at bar, the prosecutor filed the motion to correct error, the praecipe, and the record of proceedings. Thereafter, however, the office of the attorney general entered the case, preparing and filing the appellant's brief and reply brief. This court acquires jurisdiction of an appeal on the date the record of proceedings is filed with the clerk. Ind. Rules of Procedure, Appellate Rule 3(A). Therefore, at every stage after we acquired jurisdiction, the attorney general has been involved in the case. The prosecutor's acts did not constitute exclusive representation of the State in this appeal. Accordingly, we reject Crecelius's contention that we are without jurisdiction to entertain the issues presented by it.

Crecelius next contends that the State's motion to correct error is deficient in that it does not contain a statement of the facts and grounds upon which the errors raised were based in violation of Ind.Rules of Procedure, Trial Rule 59(D)(2). He argues that this should be fatal to the State's appeal.

Contrary to Crecelius's claim, the State's motion to correct error contained a statement of the facts and grounds upon which the errors were based. Although not a model of draftsmanship, the facts and grounds in support of the claimed errors were sufficiently set forth in the specification of errors. The motion clearly specified the alleged errors and adequately advised the trial court of the nature of the legal issues involved. The motion was sufficient to satisfy the specificity requirements of T.R. 59(D)(2).

*Perjury Count*

Count II of the indictment returned against Crecelius charged him with the crime of perjury in violation of IND.CODE 35-44-2-1. In pertinent part that statute provides as follows:

(a) A person who:

(1) *Makes a false, material* statement under oath or affirmation, knowing the statement to be false or not believing it to be true; ... commits perjury, a Class D felony. (Emphasis added.)

The trial court found that the grand jury was convened for the purpose of investigating allegations that firemen at Hose House Number One were receiving stolen property. It concluded that the testimony alleged to be false and upon which Crecelius received an indictment for perjury was not material to the investigation which the grand jury was expressly conducting. It therefore dismissed Count II of the indictment. The State contends that the trial court utilized an overly restrictive interpre-

tation of the materiality requirement set forth in the perjury statute. Instead, the State argues that materiality should include anything which could possibly be determined to have an effect on the general nature of the grand jury investigation.

This court's recent decision in *State v. Fields* (1988), Ind.App., 527 N.E.2d 218 is dispositive of the issue currently before us. In *Fields*, the defendant received an indictment charging him with perjury in connection with his testimony before a grand jury. In fact, the indictment was the result of the same investigation as described in the case at bar. Specifically, he was indicted for testifying that he had no knowledge of marijuana use by himself or other firemen. On appeal, we affirmed the trial court's judgment dismissing the indictment for perjury on the basis of materiality. We stated, "We fail to perceive how the use of marijuana is material to the allegations which were the subject of the investigation." 527 N.E.2d at 221. Accordingly, we held that within the context of a grand jury investigation, in order for a statement to be material it must be related to the stated purpose for which the grand jury was called to investigate. As in *Fields*, we fail to perceive how knowledge of prostitution is material to an investigation into allegations of the receipt of stolen property by firemen.

In *Fields*, however, we also observed:

From the above authorities it is clear that *a grand jury is not limited by the rule of materiality to actions on the particular purposes for which it was called, but its inquiry can follow a wide range of subjects or crimes within its jurisdiction.* False statements made to it concerning the additional subjects it chooses to pursue may be punished by charge of perjury. However, *the State must make some indication on the record that it is pursuing such additional lines of inquiry.* (Emphasis added.)

527 N.E.2d at 221.

Citing Crecelius's indictment for promoting prostitution, the State asserts that there was an indication on the record that the grand jury was pursuing the additional subject of prostitution activities at the hose houses. Clearly, this is placing the cart before the horse. An indictment returned after the witness had testified on a subject not within the scope of the investigation the grand jury was originally convened to conduct does not qualify as an indication on the record that the grand jury was pursuing the additional line of inquiry at the outset. As we held in *Fields, supra,* the defendant must be advised prior to testifying of the additional subjects the grand jury will choose to pursue in order for false statements made to it concerning those subjects to be punishable by a charge of perjury. The subpoena issued to Crecelius did not so inform him. The trial court did not err in dismissing the indictment for perjury.

*Promoting Prostitution Count*

The trial court dismissed Count I of the indictment for the reason that the State failed to properly designate the nature of the grand jury's inquiry. In support of its decision, the trial court cited authority which holds that a prospective witness must be advised of the general nature of the grand jury inquiry prior to testifying. *State ex rel. Pollard v. Criminal Court of Marion County* (1975), 263 Ind. 236, 329 N.E.2d 573; IND.CODE 35–34–2–5(a). The State contends that Crecelius was advised of the general nature of the grand jury's investigation, the receipt of stolen property by firemen, and such was sufficient to satisfy the notice requirements of IND.CODE 35–34–2–5.

IND.CODE 35–34–2–5 states in pertinent part:

(a) A subpoena duces tecum or subpoena ad testificandum summoning a witness to appear before the grand jury shall be issued by the clerk upon the request of the grand jury or prosecuting attorney. The subpoena must contain a statement of the general nature of the grand jury inquiry.

(b) If the subpoena is issued to a target, the subpoena shall also contain a statement informing the target that:

(1) he is a subject of the grand jury investigation;

(2) he has the right to consult with an attorney and to be assisted by an attor-

544

ney under section 13 of this chapter; and

(3) if he cannot afford an attorney, the court inpaneling the grand jury will appoint one for him, upon request. (Footnotes omitted.)

The subpoena issued to Crecelius summoning him to appear before the grand jury to testify satisfied these requirements. It stated the general nature of the investigation, advised him he was a subject of such, and informed him of his right to be assisted by an attorney. Crecelius contends, however, that in order to be properly indicted for promoting prostitution, it was incumbent upon the State to also indicate on the record that it was pursuing this additional subject. Because Crecelius was indicted for promoting prostitution while the subpoena issued to him stated only that the grand jury was conducting an investigation into the receipt of stolen property, he contends the indictment cannot stand.

The requirement to which Crecelius refers was set forth in *Fields, supra.* In *Fields* we commented upon the scope of a grand jury's authority. Citing IND.CODE 35–34–2–5 we held that although a grand jury's inquiry is not limited to the particular purpose for which it was called, the State must make some indication on the record that it was pursuing such additional lines of inquiry. 527 N.E.2d at 221. We note that IND.CODE 35–34–2–5 essentially follows the holding in *Pollard, supra.* Both require that a target witness testifying before a grand jury be advised of the general nature of the grand jury's inquiry, the privilege against self-incrimination, and the right to consult an attorney. The clear purpose of the rule is to insure that the witness will not be trapped into a perjury charge or into giving incriminating testimony. We held in *Fields,* therefore, that unless advised of the new subject of the inquiry, a *perjury charge* on the nonmaterial matter will not lie.

■■ Of course, unless also advised of the privilege against self-incrimination, the witness's testimony to the grand jury could not be used against him as the basis of a conviction. This does not mean, however, that a witness cannot be indicted for an offense other than that within the stated nature of the inquiry merely because he testified before the grand jury. Rather, it means that unless there is an indication the grand jury is pursuing another subject, the witness cannot be indicted for perjury for false testimony given in relation to the additional offenses it pursued. Here, it is quite apparent that Crecelius was indicted for promoting prostitution on the testimony of others. The trial court therefore erred in dismissing Count I of the indictment filed against Crecelius for promoting prostitution.

Accordingly, the judgment is affirmed in part, reversed in part, and remanded with instructions to the trial court to reinstate Count I of the indictment.

Judgment affirmed in part, reversed in part.

SHIELDS, P.J., and ROBERTSON, J., concur.