Tony M. RICE, Defendant-Appellant,

v.

COOPERATIVE FINANCE COMPANY,
Plaintiff-Appellee,

Edward Chosnek, Trustee in Bankruptcy
of Tony M. Rice, Debtor,
Intervenor-Appellee.

No. 2–1282A410.

Court of Appeals of Indiana,
First District.

Aug. 8, 1983.

---

Thomas W. Munger, Lafayette, for defendant-appellant.

Robert E. Poynter, Bennett, Boehning, Poynter & Clary, Lafayette, for appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant Tony Rice appeals from a decision of the Tippecanoe Superior Court setting over to appellee Cooperative Finance Company (Cooperative) certain funds held in escrow. We affirm.

## FACTS

On December 23, 1976, Rice signed a promissory note payable to the order of Cooperative in the sum of $2220.00, and began monthly payments. He defaulted in April 1977. After several failed attempts at arranging payment of the note, Rice informed Cooperative that he was leaving the state. In January 1978 the Mercury automobile Rice had pledged as collateral for the loan appeared on Cooperative's lot without explanation. It remained there until June when it was removed to an auto auction and sold. Cooperative credited the net proceeds of $149.00 to Rice's account. In October Cooperative learned that Rice was the sole owner of certain real property in Lafayette, Indiana. Cooperative then filed suit to collect on the note. They also obtained a writ of attachment which the county sheriff served and a lis pendens no-

tice which was filed thereon. The land was sold to Riehle in September 1979, and the funds from the purchase placed in escrow pending the outcome of Cooperative's suit against Rice on the note. On March 27, 1980, the trial court gave judgment for Cooperative on its claim and against Rice on his counterclaim.

In August 1980 Cooperative began proceedings supplemental. The next month Rice sought a discharge in bankruptcy. Then, in June 1982 the bankruptcy court lifted its stay so as to allow Cooperative to collect its judgment. After Rice filed his response to the proceedings supplemental and the trustee filed a petition to intervene, the trial court determined that the trustee's interest was inferior to Cooperative's and ordered the escrowed funds paid into the clerk of the court for the benefit of the creditor. From this decision, Rice now appeals.

## ISSUE

Appellant raises two issues on appeal. However, we do not reach those issues because of our determination that Rice has no standing to bring the instant appeal.

## DISCUSSION AND DECISION

Rice is appealing the judgment of the trial court upon Cooperative's request for proceedings supplemental. However, Rice had already been discharged in bankruptcy prior to the continuation of such proceedings. It is well settled that a bankrupt's interest in matters involving his estate terminates upon his discharge. *See* *Anderson v. St. Paul Mercury Indemnity Co.,* (7th Cir.1965) 340 F.2d 406; *In re Woodmar Realty Co.,* (7th Cir.1957) 241 F.2d 768; *Zeigler Building Materials, Inc. v. Parkison,* (1980) Ind.App., 398 N.E.2d 1330. As the court in *Anderson* noted:

"[I]t is axiomatic and the underlying philosophy of bankruptcy law that in exchange for a discharge of all liability of the bankrupt, the Trustee in Bankruptcy takes all rights of the bankrupt arising therefrom. This *quid pro quo* of necessi-

ty includes any and all rights and choses in action a bankrupt might have had under any judgment his discharge in bankruptcy may have expunged. Any asset or chose in action of the bankrupt which could have been enforced by the bankrupt had he not gone into bankruptcy automatically vests in and becomes the property of the Trustees in Bankruptcy."

*Anderson,* 340 F.2d at 409. Similarly in *In re Woodmar* the court noted:

"Since the bankrupt is insolvent he generally has no interest in the manner of distribution of the assets among his creditors, and the right of the bankrupt to object to the allowance of claims has been confined to exceptional cases. After the trustee has been appointed objections to claims are his function. He has not only the right but the duty to object to any claim not entitled to allowance. The needs of orderly and expeditious administration of the bankrupt's estate stand in the way of bankrupt intervention and participation in matters confided to the trustee. [Citations omitted.]"

*In re Woodmar,* 241 F.2d at 770. This court has also stated that "[t]he bankrupt, after his discharge, may not assert and enforce causes of action which vested in the trustee in bankruptcy and were not abandoned by him ...." *Zeigler,* 398 N.E.2d at 1333, quoting 8B C.J.S. *Bankruptcy* § 559 (1963). In the instant case, Rice acknowledged he had "no claim to [the] funds ... for the reason that upon filing of his bankruptcy such assets passed to Edward Chosnek, as trustee ... and the right thereto is now vested in said trustee." Record at 57. Rice is correct in his appraisal of his interest in the funds. *Anderson; In re Woodmar; Zeigler.* Because he has no interest in the funds, he has no standing to object to the disposition of such funds. Absent the requisite standing, this court cannot entertain the instant appeal.[1]

1. Although not raised by appellee, it is inherently within the power of this court to raise standing, *sua sponte,* on appeal. *Cf. Boeing Co. v. Van Gemert,* (1980) 444 U.S. 472, 488 n.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

ROBERTSON, P.J., and NEAL, J., concur.

4, 100 S.Ct. 745, 754, 62 L.Ed.2d 676, 688; *Juidice v. Vail,* (1977) 430 U.S. 327, 331, 91 S.Ct. 1211, 1215, 51 L.Ed.2d 376, 382.